(16 App. Div. 426.)

MITTNACHT v. BACHE et al.

(Supreme Court, Appellate Division, First Department.   April 23, 1897.)

EVIDENCE—AFFIDAVIT IN ANOTHER PROCEEDING.

In an action to recover money of an estate alleged to have been paid to defendants by the executor on his individual account, it appeared that he made the payments by checks with the word "Executor" appended to his signature, and, in explanation thereof, he told defendants that he kept his bank account that way to prevent trouble with his creditors, and that he was not executor of any estate.   In order to prove that the moneys paid out on such checks belonged to the estate of his testator, plaintiffs offered in evidence an affidavit made by one of the defendants.   The affidavit was produced from the district attorney's office, but there was no proof as to the circumstances under which it was made or the purpose of making it. The affidavit stated that he "understood" that the money did not belong to the executor, but to the estate of his deceased wife, and that, in support of such belief, he (affiant) referred to a demand made by such executor on affiant's firm, which demand substantially alleged that the executor had embezzled the moneys paid to defendants.   Held, that such affidavit was not an admission that the moneys belonged to the estate of testator, but was merely a statement of affiant's understanding, based on the demand made by the executor wherein he stated that the money belonged to the estate.

Rumsey and Patterson, JJ., dissenting.

Appeal from trial term, New York county.

Action by Jacob A. Mittnacht, as administrator with the will annexed of Frances A. Croft, deceased, and as substituted trustee under said will, against Jules S. Bache and others.   From a judgment in favor of plaintiff entered on a verdict rendered by direction of the court, and from an order denying a motion for a new trial, defendants appeal.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Harold Nathan, for appellants.

Edward W. S. Johnston, for respondent.

WILLIAMS, J.   The action was brought by William F. Croft, as executor and trustee of his deceased wife's estate, to recover moneys of the estate had and received by the defendants in 1894.   The defendants were stockbrokers, having their principal place of business in New York City, and a branch office in Saratoga, N. Y.; the latter in charge of one Rosenheim, as manager.   In July, 1894, William F. Croft went into the defendants' Saratoga office, and had a talk with the manager about general stock business and matters.   He gave an order for the purchase of some stock, which was sent to New York and was executed by defendants.   The stock was purchased. The purchase was reported to Mr. Croft by the manager, and Mr. Croft gave the manager a check for margins against his account. This check was dated July 27, 1894; was drawn upon the Mt. Morris Bank of New York City, to the order of defendants, for $1,000; and was signed, "Wm. F. Croft, Executor."   The manager asked Mr. Croft how it was that he signed the check as executor.   Mr. Croft said that he had failed in business; that he had some trouble with

his creditors, and that he had opened an account in the bank in that way to protect the account against any attachment by his creditors; that he was not executor of any estate. The manager communicated with the defendants' New York office about this check, and asked whether he should accept it. One of the defendants thereupon communicated with the Mt. Morris Bank by telephone, and asked the cashier whether the check was good. The cashier replied that it was. Defendant asked the cashier who Mr. Croft was executor for. The cashier replied that he did not know that he was executor for any one; that there was no record of it at the bank. The defendants procured their attorney, a little later, to look in the New York surrogate's office to ascertain for whom, if any one, Mr. Croft was executor, but nothing was found in that office. In fact, a will under which he was executor had been proved in Westchester county, and was recorded in the surrogate's office in that county. The account of Mr. Croft with defendants was continued through August, and into September, 1894. There was considerable dealing in stocks by him through defendants, as brokers, and, besides the check already described, he gave them other checks in the same form as the first,— one dated July 31, 1894, for $1,000; another dated August 21, 1894, for $1,000; and a third dated August 28, 1894, for $1,200; making in all $4,200,—and these checks were all paid, and the money came into the hands of defendants. The business was disastrous, and all this money put up by Mr. Croft against margins was lost; and he became further indebted to defendants in the sum of $2,000, for which a note made by a third party, and indorsed by Mr. Croft, was given, but was uncollectible. Mr. Croft was living at the time of the trial, but was not present or sworn; and the evidence as to transactions with the manager of defendants, as given by the latter, was not in any way contradicted at the trial. Mr. Croft has subsequently died, and the present plaintiff has been substituted. The will above referred to as proved and recorded in Westchester county, and under which Mr. Croft was executor, was made by his wife, and gave all the property of the testatrix, after the payments of debts and testamentary charges, to the executor, in trust, the income therefrom to be used for the benefit of her son during his life, then for the benefit of the executor during his life, and remainder to issue of the son absolutely; and if the son died after the executor, leaving no issue, or if both the son and the executor died before the testatrix's death, the principal was given to John McQuade, in trust, the income for the use of William Croft, the father-in-law of the testatrix, during life, and at his death the principal to be divided between the next of kin of the executor. The executor was given power to mortgage, lease, sell, and convey the real estate, etc. The will was admitted to probate, and Mr. Croft received letters testamentary. It was conceded, for the purposes of the decision of the court, that the defendants were holders for full value of all this money sued for. They offered to prove this, and thereupon the concession was made.

The first question raised by the appellants is that there was no proof in the case that the money paid upon the checks to the defendants was money belonging to Mrs. Croft's estate. This ques-

tion was raised by the pleadings, and again at the trial, by motion to dismiss, which was denied, and an exception taken by the defendants. No presumption could be indulged that the money in the bank against which the checks were drawn was the money of his wife's estate, by reason of the account at the bank being in Mr. Croft's name as "executor." For all that appeared from the form of the account, Mr. Croft may have been executor, and the money belonged to some other estate. No proof was given that he did not occupy this relation to some other estate as well as to his wife's estate. The only evidence given in the case to establish the fact that this money belonged to his wife's estate was the affidavit of one of the defendants, verified November 7, 1894, just after this action was commenced, and long before the trial, which took place May 20, 1896. This affidavit was produced from the district attorney's office in New York. It was claimed that it had been made in connection with some complaint made by the defendants against Mr. Croft. There was no proof as to the circumstances under which it was made, or the purpose of making it, and the affidavit is not set out in full in the record. Only extracts from it were read and are in the record. In that affidavit the defendant stated, among other things:

"I understand now that the said sum of $4,200 did not belong to said William F. Croft, but was money belonging to the estate of his deceased wife. Frances A. Croft, and was in his possession as executor of said estate, and that it was part of a fund left to said William F. Croft in trust for the benefit of the son of the said testatrix; and in support of such belief I refer to the demand made by said Croft upon our firm, a copy of which is hereto annexed, and to the certified copy of the will of said Frances A. Croft, herewith presented. * * * Some time last October I was served with a demand, a copy of which is hereto annexed,—the original being signed, as I am informed and believe, in said Croft's handwriting,—in which Mr. Croft, as executor, demanded from our firm the return of said sum of $4,200; substantially alleging that he embezzled the said moneys, and that they belonged to the estate of Frances A. Croft, deceased, when he paid them to us for the credit of his account."

We do not think this affidavit furnished any evidence whatever that the money received by the defendants from Mr. Croft belonged to the estate of Mrs. Croft, whose representative brings this action. The claim made by the plaintiff is that this affidavit amounted to an admission by the defendant who made the affidavit of the fact that the moneys belonged to the estate of the deceased wife of Mr. Croft. We think this claim cannot be sustained. The affidavit was not an admission of the fact at all. It was merely a statement of the deponent's understanding, based upon the demand made by Mr. Croft upon the defendants just prior thereto, wherein he stated that the money belonged to the estate of his deceased wife. It is quite apparent that the defendant who made the affidavit had no personal knowledge on the subject, and did not pretend to have. The defendants had received this money from Croft in July and August, 1894; Croft assuring them the moneys belonged to him, that he was not the executor of any estate, and that the form in which the account was kept was fictitious. He told these falsehoods to induce the defendants to accept the checks

with the word "executor" annexed to his signature thereto. Then, in October, 1894, he demanded a return of the money to himself as executor of his wife's estate; stating that the money belonged to such estate, and that he had embezzled it when he gave it to the defendants. Thereupon defendant made this affidavit, saying that he then understood the money belonged to the estate of Mr. Croft's deceased wife, because Mr. Croft so stated in his demand made just before. Certainly here was nothing that could be regarded as evidence to prove the fact alleged, which, being denied, the plaintiff was bound to prove. In Mayor, etc., v. Fay, 53 Hun, 553, 6 N. Y. Supp. 400, it became necessary for the plaintiff to prove a co-partnership between N. & K. The only evidence given upon this subject was a portion of an answer made by the defendant in another action, brought against her by N., in which she alleged, on information and belief, that N. and K. were partners. The court held that such evidence was no proof of the fact of co-partnership. In the opinion, Mr. Presiding Justice Van Brunt, among other things, said:

"It is true that admissions in pleadings in an action between other and different parties have been received in evidence by the courts. The ground upon which these admissions have been received has been because they were admissions against the interest of the party making them, and because of the great probability that a party would not admit or state anything against himself, or against his own interest, unless it was true. And, furthermore, these admissions have been confined to those cases where the admissions contained the assertion of facts which, from the nature of the case, if true, must have been within the knowledge of the party making the admission, and the pleading is verified by him. These rules are laid down in the case of Cook v. Barr, 44 N. Y. 157, and their application is apparent. Therefore an admission contained in pleadings between other parties simply founded on information and belief, where there is no presumption that the facts alleged or denied must have been within the personal knowledge of the party making the allegation or denial, and when the allegation or denial is not against the interest of the party making the same, cannot be received in evidence as establishing any fact."

The evidence here is within the principle laid down in the cases cited, and was entirely inadequate to prove the fact that the money sought to be recovered belonged to the plaintiff's estate. The order directing a verdict was therefore erroneous, and the judgment entered thereon must be reversed. The conclusion arrived at with reference to this question renders it unnecessary to consider the other questions raised in the case.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide event.

VAN BRUNT, P. J., and PARKER, J., concur. RUMSEY and PATTERSON, JJ., dissent.