(32 Misc. Rep. 563.)

### COHNFELD v. TANENBAUM.

(Supreme Court, Special Term, New York County. October, 1900.)

**1. TRUSTS—GUARDIAN AND WARD—MIXING TRUST FUND.**

Where, prior to signing a check in his representative capacity for an individual debt, a guardian, who had deposited his own funds with those of the trust, in his name as guardian, withdrew the entire amount deposited, and afterwards made other deposits, not shown to be trust funds, the beneficiary cannot recover the proceeds of such check from the payee; the mere fact that the check was signed as guardian being insufficient to support plaintiff's burden of showing that the proceeds were guardianship funds.

**2. SAME—RESORTING TO FUNDS LAST WITHDRAWN.**

Where a guardian, depositing his own funds with those of the trust, in his name as guardian, signs a check, as guardian, for an individual debt, and thereafter deposits and withdraws larger sums of his own money, the presumption is that the trust moneys remained on deposit to the last; and the beneficiaries must resort to the moneys last paid, and before resorting to the payee of a previously drawn check.

**3. SAME—IDENTIFICATION.**

Where a guardian deposits funds of a third person with the trust funds, in his name as guardian, the beneficiary cannot impress the entire fund with the trust, to the damage of such third person, but must specifically identify the trust money before he can recover it.

Action by Charles M. Cohnfeld against Leon Tanenbaum. Complaint dismissed.

George W. Weiffenbach, for plaintiff.

Platzek & Stroock, for defendant.

ANDREWS, J. This action was brought against the defendant to compel him to account for certain moneys and interest, which he received in the following manner: The action was tried on an agreed statement of facts, which is imperfect and incomplete, and does not contain facts which ought to be before the court in order to enable it to reach a proper decision of the case. The question whether the plaintiff properly brought his action on the equity side of the court was waived upon the trial. The stipulation which was put in evidence states the following facts: The Cohnfeld Manufacturing & Trading Company was a New Jersey corporation, and during the year 1893 was a tenant of the premises No. 640 Broadway, New York City. Isidor Cohnfeld was the manager of that corporation. During that year he delivered to the defendant, in payment of rent of said company for the said premises, three checks, of the following dates and amounts: August 3, 1893, $500; September 2, 1893, $500; and December 13, 1893, $250. All these checks were signed, "Isidor Cohnfeld, Guardian." The plaintiff, on his own behalf, and as assignee of Carrie, Addie, and Oscar Cohnfeld, claims that the money

paid to the defendant was theirs, and that the defendant should account therefor. It is conceded that the defendant had no actual knowledge of the circumstances set forth in the agreed statement of facts, but as the checks were signed by "Isidor Cohnfeld, Guardian," the defendant had constructive notice, which required him to make some investigation, and is chargeable with what he could have ascertained if such investigation had been made, and with nothing else. First Nat. Bank of Paterson v. National Broadway Bank, 156 N. Y. 459, 51 N. E. 398, 42 L. R. A. 139. If such investigation had been made by the defendant, he would have discovered that on January 2, 1885, Isidor Cohnfeld was appointed general guardian of · his children, who were the plaintiff and the three others above named, and that on January 1, 1886, he had in his hands as such guardian the sum of $10,355.79. He would also have discovered that on March 18, 1892, said 'Cohnfeld opened an account in his name as guardian with the New York Security & Trust Company, upon which said three checks were drawn, and that the amount of his first deposit was $12,000. As it does not appear that he ever had in his possession any other moneys of said children except the said sum of $10,355.79, such deposit was $2,000 more than he ever had in his hands, belonging to his children. He would also have discovered that amounts were drawn from this account of said "Isidor Cohnfeld, Guardian," and from other amounts deposited to the credit of the same down to March 13, 1893, when the entire amount deposited had been withdrawn, and that all of such money was paid to persons other than the defendant, for uses with which the defendant is not chargeable with notice. He would also have discovered that during such periods and thereafter moneys which belonged to said company were deposited by said Cohnfeld in this guardian account, and that he used such account for the payment of debts of said company, and that this state of affairs continued past the time the said three checks were drawn. Between March 13, 1893, and August 3, 1893, deposits were made in this account by said Cohnfeld amounting to $2,955.55. Between August 3, 1893, and September 2, 1893, there were deposited to the credit of the account $1,166.06, and between September 2, 1893, and December 13, 1893, there were deposited to the credit of this account $4,551.15, part of which said three sums, it is conceded, belonged to said company, and none of which is shown to have belonged to the said children; there being no evidence that subsequent to March 13, 1893, any money belonging to said children was deposited to the credit of said account. Under these circumstances, this case is to be distinguished from those in which it was affirmatively shown that the creditor did actually receive trust funds, and in which it was held that the cestui que trust could follow the same. As the entire guardianship fund had been drawn out five months before the said three checks were given, and as it does not appear from the agreed state of facts that any money whatever which went into the account after that time belonged to Cohnfeld's children, or in which they had any interest, the burden is on the plaintiff to show that the money which the defendant received through said checks was the money of himself and his assignors; and it cannot be pre-

sumed that such was the fact merely because the checks were signed, "Isidor Cohnfeld, Guardian," and without any other evidence whatever to prove the same. Mittnacht v. Bache, 16 App. Div. 426, 45 N. Y. Supp. 81; Woodbridge v. Bank, 45 App. Div. 166, 61 N. Y. Supp. 258. As the agreed state of facts contains no evidence whatever upon this point, it necessarily follows that the plaintiff cannot succeed in the action.

Assuming, however, that the moneys which were deposited to the credit of the account of "Isidor Cohnfeld, Guardian," subsequent to March 13, 1893, were impressed with a trust in favor of the children, it does not follow that the plaintiff can recover from the defendant the moneys received through said three checks. It appears that no proceedings were ever brought by the plaintiff or his assignors against their guardian for an accounting; nor was any action ever brought by them or on their behalf against the sureties of the guardian; nor are any of the guardianship books or papers, which are not in the possession of the defendant, and which are to be presumed to be in the possession of the plaintiff and his assignors, produced; nor is any evidence produced that any moneys belonging to the children were ever deposited to the credit of the said account after the original amount which had been deposited had been withdrawn. The court is therefore called upon to dispose of the case largely upon surmise and conjecture, but some facts do appear in regard to this account. It appears that on August 3, 1893, when the first check was drawn, and long after all of the children's money had been drawn out, there were $1,777.95 to the credit of the account, and that between that time and the date of the closing of the account on January 21, 1896, many thousands of dollars were deposited to the credit of such account, and that all such moneys were paid out to various persons and firms, some of whom were creditors of said company, including the defendant. And it is conceded that large portions of said deposits were the moneys of said company. Under these circumstances, according to the adjudged cases, the rule of law which applies to this situation is that the moneys paid out of the account to the defendant were the moneys of said company, and that the moneys subsequently paid out were the moneys of the children, and that it is incumbent upon the children to resort to those moneys which were last paid out before resorting to the funds received by the defendant. Gerard v. McCormick (Com. Pl.) 8 N. Y. Supp. 860; Bank v. Peters, 123 N. Y. 272, 25 N. E. 319; In re Holmes, 37 App. Div. 15, 55 N. Y. Supp. 708. Again, while it has been frequently held that a trustee cannot, by mingling the funds of his cestui que trust with his own, destroy the fiduciary character of the deposit, those cases do not apply to the case at bar, because, if there was any money in this account belonging to the said children, it was mingled with moneys which it is conceded belonged to a third party, namely, the Cohnfeld Manufacturing & Trading Company, which was the debtor of the defendant; and under these circumstances it is necessary that the moneys which it is claimed belonged to the said children should be identified by the plaintiff, before he can recover. Blair v. Hill, 50 App. Div. 33, 63 N. Y. Supp. 670. As above stated,

the facts involved in this case are presented in a very incomplete and unsatisfactory manner; but after a careful consideration of such facts as are shown, and of the law applicable to the case, I have, with some doubt and hesitation, reached the conclusion that the plaintiff cannot recover. The complaint will therefore be dismissed, with costs.

Complaint dismissed, with costs.