Joseph Kozuch, for Himself and All Other Stockholders of Bachmann, Emmerich & Co., Inc., Similarly Situated, Respondent, *v.* Isaac D. Bachmann and Another, Respondents, Impleaded with Louis Bachmann and Others, Appellants, and Alphonse M. Moses and Another, Defendants.

First Department, April 12, 1935.

*Raphael L. Elias* of counsel (*Leo N. Haiblum* with him on the brief; *Oppenheimer, Haiblum & Kupfer*, attorneys], for the appellants.

*John J. O'Grady, Jr.*, of counsel [*John J. O'Grady*, attorney], for the plaintiff, respondent.

*Harold Wattenberg* of counsel [*Bondy & Schloss*, attorneys], for the defendants, respondents.

Untermyer, J.   This appeal presents the single question whether a defendant may be examined as a party before trial even though

he has defaulted by failing to appear or answer the complaint. The court at Special Term by denying a motion made by the appellants to vacate the plaintiff's notice of examination, has held that the examination is proper notwithstanding the default.

The action is in equity by a stockholder suing in his own behalf and in behalf of all other stockholders of Bachmann, Emmerich & Co., Inc., to require the individual defendants to account to the corporation for alleged misconduct committed as directors, officers or employees. With the exception of the defendant Meirick, whose examination before trial is sought, all the defendants served in the action have answered the complaint and most, though not all, have joined in the motion to vacate the examination.

We think the examination before trial of a party who has defaulted in the action ought not to be allowed. As to such a party there is no issue and if there is no issue the examination is not " material and necessary " in the prosecution of the action. The same principle which precludes an examination before trial of a defendant before issue is joined (*Welsh* v. *Cowles Shipyard Co., Inc.*, 200 App. Div. 724; *Psaroudis* v. *Markowitz*, 201 id. 512) or concerning allegations of the complaint which are admitted by the answer, applies also to preclude an examination where the defendant, by defaulting, declines to contest the allegations of the complaint. This has been the rule since very early times (*Sharp* v. *Hutchinson*, 48 N. Y. Super. Ct. [16 J. & S.] 101) and this is the rule as recently expressed by the Appellate Division of the Second Department (*Grennan* v. *Coles*, 230 App. Div. 728; *Mackay, Lovell & Co., Inc.*, v. *Dillon*, 215 id. 842).

It is suggested that the amendment of section 288 of the Civil Practice Act (Laws of 1926, chap. 371) which substituted the words " any other party " for " an adverse party," manifests an intention to permit the examination of a party in default. Brief reference to the legislative history of this section removes any basis for this argument. Section 870 of the Code of Civil Procedure, from which this portion of section 288 of the Civil Practice Act is derived, provided for examination before trial " at the instance of an adverse party, or by a co-plaintiff or co-defendant." When section 288 was enacted as a part of the Civil Practice Act (Laws of 1920, chap. 925), it omitted all reference to the examination of a coplaintiff or codefendant but referred only to the examination of " an adverse party." In this form it was susceptible of the interpretation that a plaintiff or defendant could not examine a coplaintiff or codefendant no matter how necessary this might be. In order to restore in this respect the condition which had existed under the Code of Civil Procedure, section 288 was amended to pro-

vide for the examination of " any other party." (See Report of Committee on the Amendment of the Law of the Association of the Bar of the City of New York, Bulletin No. 5 of 1926, p. 118.) That amendment did not dispense with the requirement that the examination must be " material and necessary " in the prosecution of the action and this it cannot be where there is no issue to be tried against the defendant who is to be examined. If his testimony is required as a witness against the defendants who have answered there must be compliance with those other provisions of section 288 which relate to the taking of the deposition of a witness not a party to the action for use upon the trial.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; MERRELL, J., dissents and votes to affirm.

Order reversed, with twenty dollars costs and disbursements to the appellants and the defendants, respondents, and the motion granted.