Mary A. Galbraith, Appellant, v. Sarah M. Galbraith and Paul Busch, Respondents.—Action to recover damages for personal injuries sustained by plaintiff while riding in a motor car owned by one of the defendants, her daughter, and driven by the other defendant. The car swerved from the road and hit a tree. Order setting aside the verdict in favor of plaintiff and granting a new trial unanimously affirmed, with costs. Defendant Galbraith attempted to establish her own liability by testifying, in an examination before the second trial, that defendant Busch, the driver, told her, some eight months after the accident, of negligent acts committed by him in the operation of the car. The defendant driver was not examined, nor did he testify at either of two trials. The hearsay statements of defendant Galbraith are not proof of a fact and consequently are without probative force and effect, as she has merely repeated statements made to her without knowledge of the truth of the statements. The testimony, therefore, is no admission against her. (Reed v. McCord, 160 N. Y. 330, at p. 341; Mittnacht v. Bache, 16 App. Div. 426.) Ordinarily, material admissions of a party are admissible against the party making them, to whomever made, and by such rule the statements of defendant Galbraith are admissible against defendant Busch. The situation, however, is anomalous, as Busch's negligence is imputable to defendant Galbraith. The examination of defendant Galbraith as a witness against Busch was taken without plain notice to that effect to defendant Busch ( Nixon v. Beacon Transportation Corp., 239 App. Div. 830); and the necessity of examining a party as a witness was not shown as required by section 288 of the Civil Practice Act. ( Kozuch v. Bachmann, 244 App. Div. 250; Pardee v. Mutual Benefit Life Ins. Co., 238 id. 294; Hupola v. Kogel, 248 id. 589.) To admit the hearsay statements of defendant Galbraith in deposition form, under these circumstances, is not within

the contemplation of the statute or the sound rules of evidence. There is no error in the reception or submission of evidence with respect to the plaintiff's eye injury, and the motion to strike out was properly denied. Present — Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ.