KATHRIN HAVRYCZUK, Administratrix, Plaintiff, *v.* LOUIS BERGER, Defendant.

Supreme Court, Kings County, September 17, 1930.

*Alton W. Teale,* for the plaintiff.

*Daniel Adelman,* for the defendant.

DIKE, J. Apparently this application raises a somewhat novel question. Certainly no authorities directly in point have been submitted. Motion is for the examination before trial of two witnesses, employees of the defendant, in this negligence action based upon the death of plaintiff's husband, by reason of the negligent act of the defendant or his employees.

The fact that it is a *death case* has raised the particular question that I am called upon to settle. In the affidavit made by the plaintiff, the administratrix of her husband's estate, it is shown that she has no personal knowledge whatever of the circumstances surrounding the accident in question that caused the death of her husband. She says that she " believes that the decedent had been riding upon the front seat of the said motortruck at the request of the defendant and his agents and servants." It would appear that the decedent was invited upon the truck of the defendant in order that he might, at a late hour of the night, direct them to their destination in Spring Valley, Rockland conty, N. Y. Was he a guest or an employee of defendant for the time being? It then would appear that the truck stopped to let her husband descend, and was suddenly started by the defendant's employees, whereby he was injured, and said injuries caused his death. No " special circumstances," the defendant urges, are shown, as set forth in section 288 of the Civil Practice Act.

Cases submitted by defendant seeking to avoid the examination of its employees are mostly in the First Department. It does not appear that the questions there discussed arose in death cases. It is in such a case that I am disposed to permit a greater liberality, especially as in the instant case, where the plaintiff obviously had no knowledge whatever of the circumstances surrounding the accident. It is clearly obvious, certainly characteristic from the answer interposed herein, that the employees of the defendant will be hostile witnesses. It is obvious, then, that their testimony would tend to support the necessary proof imposed upon the defendant in relation to the decedent's contributory negligence. To meet this situation, plaintiff, it seems to me, should be accorded the fullest examination.

This more liberal view in relation to an examination in a death case is supported by *Vibbard* v. *Kinser Construction Co.* (66 Misc. 224) and *Swift* v. *General Baking Co.* (129 id. 135). (See, also, *Automobile Club of America* v. *Canavan,* 128 App. Div. 426.)

The wording of the subjects upon which examination is sought has generally been approved by myself in the case of *McCormack* v. *Efficient Trucking Co.,* in the Special Term, March 20, 1929 (no opinion filed).

The motion is, therefore, granted; examination to take place within two days from the date of this decision, or upon such date as may be agreed between counsel.