FLORENCE E. LA BONTE, as Administratrix, etc., of JOHN A. LA BONTE, Deceased, Appellant, v. THE LONG ISLAND RAILROAD COMPANY, Respondent.— Order denying plaintiff's motion for the examination of a witness before trial in an action for negligently causing the death of plaintiff's intestate reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten collars costs; the examination to proceed on five days' notice. In our opinion, Woods is a material witness concerning the facts and circumstances surrounding the accident, and, although not now in defendant's employ, he appears to be an unwilling, if not a hostile, witness. Special circumstances within the meaning of section 288 of the Civil Practice Act, entitling the plaintiff to take his deposition, therefore, exist. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

LERAND CORPORATION, Appellant, v. SAMUEL MELTZER, Respondent.— Judgment dismissing complaint on the merits in an action for specific performance of an alleged contract for the purchase and sale of real property reversed on the law and the facts, with costs, and judgment unanimously directed for plaintiff for the relief demanded in the complaint, with costs. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made in conformity herewith. In our opinion, the receipt or memorandum of the contract of sale was sufficient within the Statute of Frauds. (*Irvmor Corp.* v. *Rodewald*, 253 N. Y. 472; *Dykers* v. *Townsend*, 24 id. 57; *Langstroth* v. *Turner Cypress Lumber Co.*, 162 App. Div. 818; affd., 220 N. Y. 706.) The findings of the trial court that the size of the lot was misrepresented and that the check was only delivered conditionally are contrary to the weight of evidence. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.

JOSEPH LESSER, Appellant, v. HAROLD L. KUNSTLER and Another, Respondents. — Order dismissing action and directing judgment for defendants affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

ROSE MARIE LYNCH, Appellant, v. EDWARD NOLAN, Respondent.— Action to recover for personal injuries sustained as the result of a collision between an automobile and a standing trolley car in the State of Connecticut. Plaintiff, at the time of the accident, was riding as a guest in defendant's car. Appeal by plaintiff from the judgment dismissing her complaint at the close of the case. Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. We are of the opinion that the plaintiff proved facts within the Connecticut statute which required a determination by the jury. Lazansky, P. J., Kapper and Davis, JJ., concur; Hagarty and Scudder, JJ., dissent and vote to affirm upon the ground that the proof failed to show either heedlessness or a reckless disregard of the rights of others on the part of the defendant, but showed only ordinary negligence, and, therefore, there was nothing to submit to the jury.