In the Matter of the Estate of KATHERINE I. REYNOLDS, Deceased.

Surrogate's Court, New York County, February 15, 1938.

*Monroe & Byrne* [*John D. Monroe* and *Arthur A. Kaye* of counsel], for the petitioner, as executrix, etc.

*Francis M. Verrilli*, for Eralso E. Walton, respondent.

DELEHANTY, S.   The application for examination before trial and for discovery and inspection is granted in all respects and as to both the party and the witness.   The case is one of special circumstances which render it proper that the deposition of the witness be taken. As was said in *McCullough* v. *Auditore* (216 App. Div. 510, 512): " No argument is necessary to show that special circumstances exist in this case permitting the examination of the witness.   In every respect, except being named in the record, the witness is an adverse party."

The relationship between the witness and the person claiming as surviving spouse is of vital importance in the affairs of this estate and the court should not permit technical objection to erect a bar to a full and complete disclosure of the facts.   So far as discretion is involved in the matter it should be exercised in favor of the representatives of this deceased.   The discovery being incidental to the examination it should be granted despite rule 140 of the Rules

of Civil Practice which applies only where the application is solely for a discovery. (*Continental Ins. Co.* v. *Equitable Trust Co.*, 137 Misc. 28; affd., 229 App. Div. 657.) The area covered by the proposed examination is extensive but not beyond the requirements of the proceeding. There is ample authority for the conclusion here reached. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316; *Colonial Trust Co.* v. *Alexander*, 251 App. Div. 856; *Lambert* v. *Dwyer*, 245 id. 553; *Brand* v. *Butts*, 242 id. 149; *National Bank of Ridgewood* v. *American Surety Co.*, 239 id. 853; *Combes* v. *Maas*, 209 id. 330; *Mayer* v. *New York Canners, Inc.*, 217 id. 202; *Town of Hancock* v. *First National Bank*, 93 N. Y. 82; *Reif* v. *Gebel*, 246 App. Div. 776; *Bartlett* v. *Sanford*, 244 id. 723; *La Bonte* v. *Long Island R. R. Co.*, 242 id. 844, and *Bloede Co.* v. *Devine Co.*, 211 id. 180.)

Submit, on notice, order accordingly.