HELEN F. ANGELL, an Infant, by NAOMI RUTH ANGELL, Her Guardian ad Litem, Plaintiff, *v.* IRVING D. BOOTH, Defendant.

Supreme Court, Special Term, Chemung County, December 31, 1938.

*Mandeville, Waxman, Buck, Teeter & Harpending* [*A. H. Harpending* of counsel], for the plaintiff.

*Walter B. Reynolds* [*Ralph Cramer* of counsel], for the defendant.

PERSONIUS, J. This action is brought to recover damages for personal injuries sustained by the plaintiff while riding in a car owned by the defendant Irving D. Booth and driven by his son, Irving D. Booth, Jr. The complaint alleges that the car was driven with the knowledge and consent of the defendant. This is denied in the answer. The plaintiff has given notice of examination of the defendant owner and of his son, the driver of the car, on the issue of the defendant's knowledge and consent. The defendant now moves to vacate said notice.

The plaintiff is entitled to examine the defendant. (*Sturckler* v. *Lux*, 233 App. Div. 799.)

As to the examination of the defendant's son, Irving D. Booth, Jr., the defendant contends that the " other special circumstances "

(Civ. Prac. Act, § 288) are limited to such as will make the presence and evidence of the witness at the trial doubtful and uncertain. (*Town of Hancock* v. *First National Bank*, 93 N. Y. 82.) With this contention we cannot agree. The words " other special circumstances " have been given a more liberal construction. In this case it is apparent that the plaintiff, in proving that the son was driving this car with the knowledge and consent of the owner, his father, would be forced to rely upon the presumption arising from ownership and possibly the presumption arising from the fact that the car was licensed in the defendant's name. She would at the trial be in no position to meet any testimony given by the defendant and his son to overcome this presumption. Perhaps it cannot be strictly said that the son would be a hostile witness, but it cannot be fairly said that he would be a willing and friendly witness.

We think the plaintiff is entitled to the examination. (*Bartlett* v. *Sanford*, 244 App. Div. 722; *Heidell* v. *Murray Co.*, 255 id. 792; *LaBonte* v. *Long Island R. R. Co.*, 242 id. 844; *Mayer* v. *New York Canners, Inc.*, 217 id. 202; *Havryczuk* v. *Berger*, 138 Misc. 320; *Manufacturers Trust Co.* v. *American National Fire Ins. Co.*, 232 App. Div. 536; *Stevens* v. *Silverman*, 157 Misc. 381, 383.)

The desire of the parties for an immediate decision forbids an analysis of these cases. An examination of these and other authorities discloses a tendency on the part of the courts to construe the words " special circumstances " liberally and to permit the examination of a witness who, because of relationship or former or present employment, is likely not to be a willing or friendly witness for the parties seeking the examination. In some of them the examination was sought by the plaintiff in an action against the representatives of a deceased or incompetent person. The plaintiff, of course, could not testify to personal transactions. In the present case the plaintiff, though living, is in no position to testify on the issue involved. In granting examinations the courts also refer to the former " unsatisfactory " method of attempting to obtain the facts by cross-examination of the witnesses at the trial or by calling unfriendly witnesses.

Defendant's motion is denied. Submit order accordingly.