IONE ROBINSON OSORIO Y TAFALL, Respondent, *v.* BIBIANO FERNANDEZ OSORIO Y TAFALL, Defendant.

JOHN DALLETT, Petitioner, Appellant.

First Department, July 3, 1942.

*Paul O'Dwyer*, for the appellant.

*John F. Harding* of counsel [*Allan A. O'Gorman*, attorney], for the respondent.

GLENNON, J.   The petitioner was the former husband of plaintiff. In 1936 they entered into a separation agreement whereby he was to pay the sum of $437.50 a month for the support and maintenance of his wife, the plaintiff herein, and a minor daughter. The agreement further provided that, in the event the wife should remarry, he was to pay her only the sum of $218.75 for the support of the daughter.

The petitioner and plaintiff were divorced in 1937.   The plaintiff on November 28, 1939, married the defendant in the Dominican Republic.   In February, 1942, petitioner received a letter from the attorney for the plaintiff to the effect that plaintiff had succeeded in having her marriage to the defendant annulled and " in view of this, you are now obligated to pay her the sum of $437.50 per month, as provided in your agreement with her, and not $218.75 * * * " and " unless you send her an additional check for $218.75 and advise me that hereafter you will send her the sum of $437.50 per month, as provided in the agreement, it will be necessary for me to commence proceedings against you to compel you to make the payments required by your agreement with your former wife."

At the time the present application was made the interlocutory judgment had not become final since the three-month period had not elapsed.   The defendant in the action did not interpose an answer and the interlocutory judgment was taken against him by default.   The petitioner claims, and properly so, that he has a direct interest in the subject-matter of that action and should not be bound by the judgment.

The attorney for the petitioner has submitted an affidavit which states in effect that he has examined the complaint in the annulment action, the testimony and the exhibits which were received by the official referee. He contends that the evidence was insufficient to sustain the judgment.

This court was confronted with a similar application in *Boyd* v. *Boyd* (222 App. Div. 796) on an appeal which was taken from an order entered at the direction of Mr. Justice TIERNEY. Unfortunately, the opinion in that case does not seem to have been officially reported. However, it appears in the New York Law Journal of April 16, 1927, page 283. The appeal was heard in this court on January 6, 1928, and was unanimously affirmed. Mr. Justice TIERNEY, after reviewing the facts leading up to the application then made, said in part: " The action was undefended by the first husband, and was prosecuted without the knowledge of her second husband. On the strength of this judgment she has been awarded a new trial of the action for annulment of her second marriage. The second husband makes this motion to be allowed to intervene in and defend this action upon the ground that he is interested in the subject-matter and should not be bound by a judgment obtained without his knowledge in an undefended action against the first husband. I think that he is a person interested in the subject of the action, and in so deciding I am applying the test of a direct and not an indirect interest. His marital relations to the plaintiff and the obligations that attach to the status of marriage are all dependent on whether the plaintiff was the legal wife of another when his marriage was contracted. The decree of annulment of the first marriage cannot be attacked by him collaterally and is conclusive upon him as long as it stands." He concluded his opinion with the statement: " In the interests of justice I think that the judgment should be set aside and the second husband allowed to intervene and defend."

In that action an answer was interposed by the second husband, whose name was Atkinson. The action was later tried in the Supreme Court, Bronx County.

The situation with which the petitioner here is faced is analogous to that of the intervening defendant in the *Boyd* case. While it may be true that in view of plaintiff's marriage to defendant, even though it was subsequently annulled, the petitioner may be in a position to argue that his former wife cannot succeed in collecting the same amount of money which she had received prior to her marriage to defendant, nevertheless, the petitioner has a direct interest in the outcome of this action. In a suit based upon the separation agreement the point undoubtedly would be made by

plaintiff that the petitioner could not collaterally attack the judgment entered in this action. Under the circumstances, the petitioner should be permitted to intervene in order that his property rights may be safeguarded.

Reliance has been placed by the plaintiff on the case of *Tysen* v. *Tysen* (137 App. Div. 134). There the majority of the court were of the opinion that a former husband was not a proper party, apparently upon the ground that he would not be bound by the judgment. The minority in an opinion which was written by Mr. Justice CLARKE, and in which Mr. Justice McLAUGHLIN concurred, took the opposite view. That case was called to the attention of the court in the briefs which were submitted in the *Boyd* case, and yet this court unanimously affirmed the order which was entered at the direction of Mr. Justice TIERNEY.

Another case to which the court's attention was directed in the consideration of the *Boyd* case was *Tilby* v. *Hayes* (27 Hun, 251). There it appeared that the plaintiff married Hayes and thereafter without procuring a divorce or an annulment married Tilby. The latter died and plaintiff as his widow presented his will for probate. The application was resisted by his heirs on the ground that plaintiff was not his widow since she was the wife of Hayes at the time of her marriage to Tilby. She then commenced an action to procure a decree declaring her marriage to Hayes to be null and void for the alleged fraud of Hayes. Tilby's heirs applied for leave to intervene upon the ground that they had an interest in the subject-matter of the action. Mr. Justice DANIELS, after reviewing the facts, said in part:

" Each of these parties, therefore, seems to be directly interested in the result which may be secured by the prosecution of the plaintiff's action against Hayes, as the judgment in the action may exert an important influence one way or the other over the determination of her rights under the will. These are the parties, and they alone, as Hayes makes no defense, who are really interested in prosecuting and contesting this action, and for that reason the order allowing Tilby's heirs to appear and cross-examine the witnesses and produce others in the case, would appear to be proper. * * *

" Where parties' rights, reputation, or other important interests may be injuriously affected by what there is reason to believe is a friendly litigation of this nature between others, justice requires that they should be allowed to intervene so far as that may be necessary for their own protection. It is also due to the court in which the action may be pending that the truth shall be shown, and such proceedings will insure that result, and at the same time

guard the parties entitled to the maintenance of their rights against the risk of being improperly and collusively deprived of them."

The same reasoning would apply to the facts which appear in the present record. Under the circumstances, we are of the opinion that the order should be reversed, without costs, the interlocutory judgment vacated and the petitioner permitted to intervene and serve an answer.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, without costs, the interlocutory judgment vacated and the petitioner permitted to intervene and serve an answer. Settle order on notice.