MAUDE CRELLIN, Respondent, v. BENJAMIN F. VAN DUZER et al., Appellants.

RALPH E. CRELLIN, Respondent, v. BENJAMIN F. VAN DUZER et al., Appellants.

Fourth Department, May 10, 1944.

*Arthur VD. Chamberlain* for appellant, Benjamin F. Van Duzer.

*Nicholas J. Weldgen* for appellant, Prudential Insurance Company of America.

*Melvin H. Zurett* for respondents.

McCURN, J.   These actions are to recover damages for personal injuries alleged to have been caused by the negligence of the defendant Van Duzer in the operation of his automobile.

The fourth paragraph of the complaint in each action alleges: " That at the time of the accident the defendant Benjamin F. Van Duzer was employed by the defendant Prudential Insurance Company of America and was operating his automobile in the course of such employment and in furtherance of the business of the Prudential Insurance Company of America."

The answers of the defendant Van Duzer do not deny said allegation. The answers of the defendant insurance company deny such allegation upon information and belief. After issue was joined the plaintiffs served upon both defendants a notice for examination before trial of the defendant Van Duzer as an " adverse party " pursuant to section 288 of the Civil Practice Act. The matter upon which the examination is sought relates to the above-quoted fourth allegation of the complaints. Each defendant made a separate motion to vacate the notice for examination and each of them now appeals from the separate order denying the respective motion of each.

There is no issue between the plaintiffs and the defendant Van Duzer as to the matters upon which the plaintiffs seek to examine defendant Van Duzer. Plaintiffs are, therefore, not entitled to examine the defendant Van Duzer as an adverse party as to those matters (*Burrows* v. *Magnetic Analysis Corporation,* 231 App. Div. 619; *Whitelock* v. *Bergquist,* 238 App. Div. 564; *Cooper* v. *Sheppard Co.,* 247 App. Div. 732; *Kozuch* v. *Bachmann,* 244 App. Div. 250). In any event the fourth allegation of the complaints is not necessary or material to plaintiffs' cause of action against the defendant Van Duzer. His motion to vacate the notice of examination should have been granted as to him.

The evident purpose of the examination sought is to secure the testimony of Van Duzer as a witness for use upon the trial to establish facts in support of the above-quoted fourth allegation of the complaint as against the defendant Prudential Insurance Company. Such testimony is obviously necessary and material to plaintiffs' causes of action aganist the defendant Prudential Insurance Company. Plaintiffs would be entitled to examine Van Duzer as a witness against defendant insurance company upon making a proper showing of the circumstances as required by section 288 of the Civil Practice Act. It is urged that the papers on the motion show special circumstances sufficient to entitle plaintiffs to examine Van Duzer as such a witness.

Since defendant Van Duzer admits paragraph fourth of the complaints and defendant Prudential Insurance Company denies it upon information and belief, it may very well be that the facts as to whether Van Duzer was operating his automobile in the course of employment and in the furtherance of the business of the Prudential Insurance Company are known only to Van Duzer. Plaintiffs will have to establish these facts by calling Van Duzer as a witness. Although Van Duzer does not appear to be a hostile witness, the record before us indicates that he will not be a willing or friendly witness. It would seem, there-

fore, that Van Duzer's connection with, and relation to, the facts and circumstances which plaintiffs must prove in order to establish a cause of action against the insurance company are such as to constitute special circumstances within the provisions of section 288 of the Civil Practice Act. (*Mayer* v. *New York Canners, Inc.,* 217 App. Div. 202; *La Bonte* v. *Long Island R. R. Co.,* 242 App. Div. 844; *Manufacturers Trust Co.* v. *American Nat. Fire Ins. Co.,* 232 App. Div. 536; see, also, *Angell* v. *Booth,* 169 Misc. 735.)

Under the circumstances the notice of examination should be deemed amended so as to provide for an examination of Van Duzer as a witness against the defendant insurance company and the examination so limited. The order appealed from denying defendant insurance company's motion to vacate should be modified accordingly, and as so modified, affirmed, without costs. The order appealed from denying defendant Van Duzer's motion to vacate should be reversed, with costs, and the motion granted as to defendant Van Duzer.

All concur, except LARKIN, J., not voting. Present — CUNNINGHAM, P. J., DOWLING, HARRIS, McCURN and LARKIN, JJ.

Order denying defendant insurance company's motion to vacate modified in accordance with the opinion and as modified, affirmed, without costs of this appeal to any party. Order denying defendant Van Duzer's motion to vacate reversed, with ten dollars costs and disbursements, and motion granted as to defendant Van Duzer.