In the Matter of the Probate of the Will of JOHN H. YOUNG, Deceased. ELIZABETH C. YOUNG, as Executrix Named in the Will of JOHN H. YOUNG, Deceased, Respondent; LILLIAN Y. FLESH, Appellant.— In a contested probate proceeding in which the contestant pleads lack of testamentary capacity, fraud and undue influence, the appellant moved to examine as a witness the doctor who attended the decedent three days after the purported will was executed and up to the time of his death. No opposing affidavit was submitted. The motion was denied. Order of the Surrogate's Court, Westchester County, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs, the examination to proceed on five days' notice. While the facts set forth in the moving affidavit are meager, the appellant showed special circumstances which entitled her to the examination sought under section 288 of the Civil Practice Act, particularly in view of the fact it is not denied that the decedent was upwards of eighty-six years of age and died from a cerebral hemorrhage, due to arteriosclerosis, and that the instrument was executed " upon his death bed." Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

JANE J. LOOMIS, Respondent, v. EDWIN D. LOOMIS, Appellant.— Action for a separation and to obtain a declaration that the divorce decree obtained by the defendant husband is null and void because the husband was not a bona fide resident in the State in which the decree was made. Order denying defendant-appellant's motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [See *post*, p. 988.]