JUNE DE MARIA, Plaintiff, *v.* ELIZABETH GAIDUSEK, Defendant.

Supreme Court, Special Term, Broome County, January 14, 1946.

*Abraham Lublin* and *Joseph R. Levine* for plaintiff.

*Theodore Levene* for defendant.

DEYO, J. The motion for the examination of the defendant *is* granted as to Items 1, 2, 3, 4, 5, 6, 8 and 10, and is denied as to Items 7, 9 11 and 12, as set forth in the notice of motion. The defendant's motion for an examination of the plaintiff is granted as to Items 1, 2, including the names and addresses of any of

the plaintiff's companions who may have participated in the alleged brawl, 3, 4 and 5 of the cross motion.

The examination of John Kushner and Frank Monico, which the plaintiff seeks, may not be had under the papers as now presented. They may be examined merely as witnesses. Under section 288 of the Civil Practice Act witnesses may be examined if their presence at the trial is unlikely, or for " other special circumstances ". Under the Code of Civil Procedure (§ 872, subd. 5) the words " other special circumstances " were held to mean such circumstances as would make the presence of the witnesses at the trial doubtful and uncertain. (*Town of Hancock* v. *First National Bank*, 93 N. Y. 82.) The earlier decisions under the Civil Practice Act gave these words the same interpretation. (*Pardee* v. *Mutual Benefit Life Ins. Co.*, 238 App. Div. 294.) The present tendency, however, is to liberalize the interpretation of these words and to permit the examination of witnesses without a showing of unavailability at the trial where, for instance, it is shown that the witness is hostile. The cases, however, are not uniform in this regard, and we note the same difference of opinion as is present throughout the field of examinations before trial. In the First Department the courts have indicated an unwillingness to enlarge the scope of such examination beyond that permitted under the code. (*Redfield* v. *National Petroleum Corporation*, 211 App. Div. 152.) However, even in that department, the most recent cases in the lower courts seem to indicate a more liberal interpretation. (*Kotopoulos* v. *Kotopoulos*, 53 N. Y. S. 2d 932.) The Second Department has definitely adopted the more liberal practice, at least in the case of hostile or unwilling witnesses. (*Sweet* v. *Sweet*, 266 App. Div. 1010; *Reif* v. *Gebel*, 246 App. Div. 776.) The Fourth Department seems to have adopted a similar view (*Crellin* v. *Van Duzer*, 267 App. Div. 744; *Gillette* v. *Warren*, 175 Misc. 614, affd. 260 App. Div. 900; *Bloede Co.* v. *Devine Co.*, 211 App. Div. 180, although a contrary view is expressed in *Loonsk Bros., Inc.,* v. *Mednick*, 246 App. Div. 464, 466).

No case has been brought to my attention wherein the Appellate Division of the Third Department has passed upon this question directly. However, in view of the fact that the Third Department has continually taken the lead in liberalizing matters of practice, particularly in the field of examinations before trial, it is fair to assume that this court will adopt the more progressive viewpoint. This is clearly indicated in a Special Term decision by the late Honorable ELY W. PERSONIUS (*Angell* v. *Booth,* 169 Misc. 735).

The motion of the plaintiff for an examination of the two witnesses is denied, without prejudice, however, to renew her application on a proper showing that " other special circumstances " exist.