LORENA ERDENBRECHER, Plaintiff, v. CHARLES G. ERDENBRECHER, Defendant, and JAMES W. KELLEHER, Intervener, Defendant.

Supreme Court, Special Term, Queens County, November 14, 1946.

*Morgan & Lockwood* for intervener, defendant.

*James Princiotta* for plaintiff.

FROESSEL, J. The intervening defendant, James W. Kelleher, moves to examine the defendant Charles G. Erdenbrecher before trial on the intervener's affirmative defenses.

The intervener and the plaintiff were once husband and wife, but were divorced in the State of New Jersey on July 29, 1935. By the terms of the decree, the intervener was directed to pay $200 monthly for the support and maintenance of the plaintiff and two infant children of the marriage. Thereafter, and on September 1, 1944, plaintiff married the defendant herein, but did not advise the intervener of that fact, and continued to accept the alimony payments until January, 1946, at which time the intervener learned of her marriage and stopped making the payments allowed for her support. Plaintiff then commenced this action in February, 1946, for an annulment of her

marriage to the defendant. The defendant defaulted in pleading, and an interlocutory decree of annulment was entered herein on June 10, 1946. The intervener, learning of this, moved for permission to intervene, which the court granted to him on September 4, 1946. He thereupon served an answer, containing four affirmative defenses, claiming among other things, that there is collusion between the plaintiff and the defendant in the maintenance of this action, and it is on his defenses that he seeks to examine the defendant '' as an adverse party.''

Both plaintiff and defendant object to the examination, (1) the defendant on the ground that it seeks to inquire into matters which he believes to be confidential, and (2) the plaintiff on the ground that the defendant is in default and an examination cannot be had of the party in default.

(1) The fact that defendant may claim privilege under section 349 of the Civil Practice Act does not bar an examination before trial, since appropriate protection may be afforded by rulings during the examination (*Kovacs* v. *Metropolitan Life Ins. Co.*, 17 N. Y. S. 2d 906). Moreover, such items as defendant's representations as to his age are alleged to have been made by him prior to the marriage, and at a time when no privilege existed.

(2) It is true, that ordinarily an examination may not be had of the party in default on the theory that as to such party there is no issue, and where there is no issue the examination is usually not material and necessary. That rule, however, would not prevent the intervener from examining the defendant as a witness upon a proper showing under section 288 of the Civil Practice Act. (*Tafall* v. *Tafall,* 264 App. Div. 542; *Tafall* v. *Tafall,* 265 App. Div. 843; *La Bonte* v. *Long Island R. R. Co.,* 242 App. Div. 844; *Zirn* v. *Bradley,* 257 App. Div. 832, and cases therein cited). In my opinion, such proper showing has here been made, particularly in view of the intervener's claim that there is collusion between plaintiff and said defendant. The very fact of default is claimed to be a part of the collusion. Moreover, it is obvious that their interests are distinctly adverse in a financial way, at least, which seems to be the only phase of these marriages in which any of the three parties are interested. Whether defendant's default was collusive, as charged by the intervener, or resulted from mere lack of interest in sustaining the marriage relation with the plaintiff, it is apparent that the default benefited the plaintiff and may seriously affect the intervener.

I recognize that the notice of motion asks for an examination of the defendant as an adverse party, but it also asks " for such other and further relief as may promote the interests of justice and as may be proper in the circumstances." Such demand does not preclude the granting of the examination of the defendant as a witness (*Crellin* v. *Van Duzer,* 267 App. Div. 744, 747). The granting or denying of an examination is largely discretionary with the court (*Public National Bank* v. *National City Bank,* 261 N. Y. 316); and the situation presented in this case warrants the granting of the application. It might be pointed out, however, that if the intervener desires to use the testimony elicited on this examination against the plaintiff as well as the defendant, the plaintiff is entitled to plain notice that the defendant is being examined as a witness against her (*Nixon* v. *Beacon Transportation Corp.,* 239 App. Div. 830), and a copy of the order to be entered hereon, with due notice of the time and place of examination, should be given to the plaintiff.

In the light of the foregoing, the motion will be granted to the extent of permitting an examination of the defendant as a witness on all of the items excepting item 2. Books and records pertinent to the examination as here allowed shall be produced to be used pursuant to section 296 of the Civil Practice Act.

Settle order on notice.