In the Matter of the Probate of the Will of Otto Egger, Deceased.

Surrogate's Court, Monroe County, March 11, 1947.

*David H. Shearer* for William G. Easton, proponent.

*William L. Clay* for Pearl L. Egger, contestant.

Witmer, S. In this probate proceeding the contestant has raised the issue of undue influence as well as of due execution and competency. The will is dated March 2, 1942. The testator died September 23, 1946. The contestant seeks to examine before trial Lois M. Brown, a daughter, and Donald S. Brown, a grandson of said testator, as adverse parties, and Stewart C. Brown, the husband of Lois M. Brown and father of Donald S. Brown, as a hostile witness, respecting their knowledge of the testator's mental condition and their acts of undue influence upon him resulting in his execution of the propounded will, over a period beginning seven years prior to the date of the will and extending to the date of the testator's death. The proponent acknowledges that Lois M. Brown and Donald S. Brown are adverse parties and that the contestant is entitled to examine them for a relevant period prior to and after the date of the will; but he contends that the contestant is not entitled to examine before trial the witness, Stewart C. Brown.

The examination of Lois M. Brown and Donald S. Brown on the issue of undue influence is granted. The contestant refers to the family differences between herself and the Browns, extending over a period of years, but there is no showing of a need to extend the usual period to be included in such examination.

Accordingly, the contestant will be confined in her examination to the usual period of three years before and two years after the execution of the will, said period to extend from March 2, 1939, to March 2, 1944. (*Matter of Frank,* 165 Misc. 411, 414, mod. and affd. 253 App. Div. 706; *In re Aspenleiter's Will,* 62 N. Y. S. 2d 202, 204.)

The requested examination of Stewart C. Brown presents another question. It is acknowledged that he is not a party herein. However, as husband of a beneficiary it is asserted that he is indirectly interested and will be a hostile witness. He has submitted an affidavit in which he states that he is not hostile and that upon the trial hereof he will voluntarily present himself for examination.

The authority for an examination before trial of a witness is found in the last sentence of section 288 of the Civil Practice Act. It is there provided that where the testimony of *any person* is material and necessary, his deposition may be taken if he is without the State or is about to depart from the State or is over a hundred miles from the place of trial or is so ill that it appears that he will not be able to attend the trial, '' or other special circumstances render it proper that his deposition should be taken.'' It has been held that the quoted provision is not limited to matters relating to the inability of the witness to appear at the trial, and that it is proper to examine before trial a witness likely to be hostile where it is shown that the witness was in a position to know relevant facts. (*Crellin* v. *Van Duzer,* 267 App. Div. 744; *Gillette* v. *Warren,* 175 Misc. 614, affd. 260 App. Div. 900; *De Maria* v. *Gaidusek,* 186 Misc. 340; *Angell* v. *Booth,* 169 Misc. 735.)

The contestant makes general charges that the witness, Stewart C. Brown, engaged in a plan and scheme to exercise undue influence upon the testator, that he incited his wife and son to exercise such influence, and personally participated in acts constituting undue influence. However, in response to the denials contained in the affidavit of said witness, the contestant has made only very weak claims of direct acts of undue influence by said witness upon the testator. But it appears from the papers that if any undue influence were exercised upon the testator by Lois M. Brown and her son, Donald S. Brown, this witness was in a position to observe it and would know about it. Because of his indirect interest in sustaining the will and his relationship to said Lois M. Brown and Donald S. Brown, it is only fair to assume, with all due respect to him and his affidavit

to the contrary, that he would be an adverse and somewhat hostile witness if called by the contestant.

The application to examine said witness is, therefore, granted, as to any acts of undue influence upon the testator by him or by his wife or son. Such examination shall be limited in all respects to the same period as fixed above for the examination of his wife and son as adverse parties. (*Matter of Young,* 268 App. Div. 883; *Matter of Reynolds,* 166 Misc. 446; *Matter of McAvoy,* 69 N. Y. S. 2d 136; 1 Warren's Heaton on Surrogates' Courts, § 101, pars. 3, 4; and see cases cited *supra.*)

The contestant has also charged that about seven years before the date of the will the said persons whom she seeks to examine entered into a scheme to exert undue influence upon the testator, and she asks to examine them respecting such scheme or plan. Such a charge, in effect that said persons conspired to defraud the contestant of her share in the testator's estate, might be material in an action by her against them for damages resulting from said alleged conspiracy. But this is not such an action. We are concerned here only with the *acts* of undue influence — not hidden schemes or dark intentions merely. The existence of such a scheme or plan might be related to the motive of such persons in their acts toward the testator. No case is cited which permits an examination as to the existence of a scheme to exert undue influence. It has been frequently held that proof of motive alone is not enough. (*Cudney* v. *Cudney,* 68 N. Y. 148, 152; *Matter of Dowdle,* 224 App. Div. 450, 453–454; *Matter of Tymeson,* 114 Misc. 643, 645.) The examination allowed herein will afford the contestant ample opportunity to ascertain the acts (including conversations in the presence of the testator) of said persons relating to undue influence upon the testator. It does not appear that any useful purpose will be served to permit an examination into the alleged existence in or about the year 1935 of a plan or scheme to exert undue influence upon the testator in relation to this will, and the request is denied.

The contestant's moving papers contain much that is not germane to the issue upon which this examination is allowed. Her counsel is advised to confine his examination solely to the issue.

Submit order accordingly.