ETHEL SEFRANKA, Plaintiff, *v.* GUSTAVE C. SEFRANKA, Defendant.

Supreme Court, Special Term, Queens County, September 4, 1947.

*Harry J. Coman* for defendant.

*Kenneth W. Greenawalt* for plaintiff.

HALLINAN, J.  In an action for a separation, defendant moves for examination of the plaintiff before trial with respect to his counterclaim for an annulment. Plaintiff objects, generally, that examinations are not usually allowed in matrimonial actions and specifically, as to the form, substance and necessity of the individual items.

The general objection is without merit. As was pointed out in *Kotopoulos* v. *Kotopoulos* (53 N. Y. S. 2d 932): " The rule for-

bidding general examination before trial in matrimonial matters (*Shatz* v. *Shatz*, 248 App. Div. 594, 287 N. Y. S. 366; *Levi* v. *Levi*, 182 Misc. 445, 44 N. Y. S. 2d 346) does not appear to be so strictly limited in actions for an annulment. *Wolin* v. *Wolin*, 266 App. Div. 742, 42 N. Y. S. 2d 928.'' (See, also, *Galligano* v. *Galligano*, 245 App. Div. 743.)

As to the specific items: Item 1 seeks to prove that plaintiff, prior to the marriage, represented that she would have normal marital relations with the defendant with a view to having issue of said marriage. This item might seem to be unnecessary inasmuch as the law implies such a representation, whether pliantiff explicitly so stated or not. As was said in *Mirizio* v. *Mirizio* (242 N. Y. 74, 81): ''The mere fact that the law provides that physical incapacity for sexual relationship shall be ground for annulling a marriage is of itself a sufficient indication of the public policy that such relationship shall exist with the result and for the purpose of begetting offspring.'' (See, also, *Schulman* v. *Schulman*, 180 Misc. 904.) However, inasmuch as defendant alleges specific representations, he should not be denied the opportunity to prove them, and accordingly item 1 is granted.

Items 2, 3 and 4 concern defendant's belief in and reliance on plaintiff's representations concerning defendant's mental attitude. This was something peculiarly within defendant's own knowledge and, accordingly, those items are denied.

Items 5, 6 and 7 are granted.

Settle order on notice.