JEROME MARKS, Plaintiff, *v.* FRANCES MARKS, Defendant.

Supreme Court, Special Term, Kings County, February 13, 1948.

*Sidney O. Raphael* for defendant.

*David L. Delman* for plaintiff.

COLDEN, J. Motion by defendant (1) for an order settling the issues of fact to be tried by jury, and (2) for a bill of particulars.

Plaintiff is suing for an annulment on the ground that defendant fraudulently misrepresented that she would have children and fraudulently concealed a heart condition rendering it impossible or dangerous for her to conceive.

Plaintiff opposes the first branch of the motion only with respect to proposed questions 17 and 18. His objection is well taken as to question 17, which is a question of law, not of fact. Section 1142 of the Civil Practice Act, which provides for the preparation and settlement of the questions to be tried by a jury in an annulment action, specifically limits the jury trial to " the issues of fact ". The 18th issue proposed here is whether defendant was *aware* of the fact that plaintiff would not have married her had he known that she was incapable of bearing children.

Counsel for the plaintiff misapprehends the ' import of *Sefranka* v. *Sefranka* (190 Misc. 541), wherein it was held that the law implies a representation by the parties to a marriage that sexual relationship " shall exist with the result and for the purpose of begetting offspring." (*Mirizio* v. *Mirizio*, 242 N. Y. 74, 81.) That is far from implying that such relationship will necessarily be fruitful — a representation which it would be impossible to make.

Inability to beget or bear children does not debar a person from entering into a marriage provided such person is capable of having the sexual intercourse which may result in the conception and birth of children (*Wendel* v. *Wendel*, 30 App. Div. 447, 449; *Schroter* v. *Schroter*, 56 Misc. 69, 70). Since it is entirely possible that two persons may wish to marry each other even though they knew in advance that there could never be issue of the marriage, defendant's *awareness* of plaintiff's desire for children is one of the issues herein. The 18th proposed question is, therefore, proper and will be allowed.

Plaintiff opposes the second branch of the motion only with respect to item 7 of the particulars requested. This objection is also well taken. The item as framed does not ask for particulars but for plaintiff's version of the case. It seeks evidence which may not be had by a motion for a bill of particulars (*Mertz* v. *de Landa*, 260 App. Div. 1034).

Accordingly, the motion is granted except as to question 17 of the proposed issues and item 7 of the requested particulars.

Submit order accordingly.