In the Matter of the Probate of the Will of ANNIE E. MINER, Deceased.

Surrogate's Court, Kings County, May 13, 1954.

*John J. O'Connell, Roger Matthews* and *Arwin St. George* for Chemical Bank & Trust Company, proponent.

*John F. O'Shea* for Eunice Grimila and others, contestants.

*Reginald S. Hardy,* special guardian for George Busby and another.

*John J. Donohue* for Robert J. Busby.

*Lawrence A. Spelman* for Seeing Eye, Inc.

RUBENSTEIN, S. The motion to vacate the notice of taking the deposition of a witness under section 288 of the Civil Practice Act is denied. The alternative relief to modify the items thereof is granted to the extent that the year " 1952 " appearing in items " 2 " and " 3 " is deleted and the year " 1951 " is substituted therefor, and otherwise denied. The order to be entered may contain a provision that the witness may not be called upon to give expert opinion evidence relating to decedent's illnesses.

Communications to a druggist and prescriptions given him by his customer are not confidential communications protected from disclosure by section 352 of the Civil Practice Act and such communications and prescriptions, under proper circumstances, may be received in evidence. When such communications and prescriptions are evaluated by expert medical testimony they are competent on the issue of decedent's mental capacity, one of the issues in this case (*Deutschmann* v. *Third Ave. R. R. Co.,* 87 App. Div. 503). Thus they are material and necessary to the establishment of contestants' case.

The refusal of the druggist to furnish the desired information, the fact that this information is wholly in his possession and not elsewhere available, plus the delays that may result on a trial if his testimony and records are there produced for the first time, together amount to such special circumstances as to justify his examination as a witness under section 288 of

the Civil Practice Act (*Gillette* v. *Warren,* 175 Misc. 614; *Pomata* v. *Long Island R. R.,* 271 App. Div. 1020; *Crellin* v. *Van Duzer,* 267 App. Div. 744; *De Maria* v. *Gaidusek,* 186 Misc. 340).

Submit order, on notice, accordingly.