S. Samuel Di Falco, S.
In this proceeding to prove the will of the deceased Thomas F. Adams, the contestant, a son of a predeceased brother, has moved for an order to amend a prior order granting an examination before trial of proponent permitting further examination of proponent as to fraud and undue influence allegedly exercised over a brother of the deceased. Contestant has objected to probate on the grounds that deceased lacked testamentary capacity and that proponent exercised fraud and undue influence over him.
Decedent was survived by the following distributees: his brother, William (died May, 1956); another brother, Richard; a sister, Elizabeth Auffurth; proponent, Virginia Filardi, a daughter of a predeceased sister, adopted by deceased’s *913 parents, and contestant, the son of a predeceased brother. Decedent by his will left his estate in equal shares to his brothers Richard and William and his niece, Virginia Filardi.
Judge Colliits by order dated August 28, 1956 on the motion of contestant, allowed the examination before trial of proponent with respect to decedent’s testamentary capacity and concerning the proponent’s transactions with deceased relevant to the issues of fraud and undue influence.
That examination was completed. Contestant by this motion seeks another examination of proponent as to fraud and undue influence exercised on William Adams, the surviving brother of decedent.
This contestant’s theory is that proponent and her husband entered into a scheme to obtain for themselves the greater part of deceased’s estate by the following steps: (1) By fraud and undue influence to eliminate the contestant as legatee of the estate of deceased, Thomas F. Adams. (2) By the same means have proponent included as a legatee of his estate. (3) Influence deceased to leave a large share of his estate to William, his brother, who allegedly was at all times under their control. (4) By means of fraud and undue influence to be exercised over William Adams, who was then dying of cancer, to have him leave the greater part of his estate, which consisted of his share of the estate of deceased, to proponent.
It is this last step in the scheme which contestant seeks to develop by a further examination before trial.
It must be borne in mind that the present proceeding is to prove the will of Thomas F. Adams and that there is an entirely separate proceeding to prove the will of his brother William. In both proceedings the same parties have appeared as proponent and contestant. For the court to grant this further examination the contestant must show its materiality and necessity. (Civ. Prac. Act, § 288.) The ultimate test as to its propriety is the admissibility or relevance of the facts sought to be elicited. (Matter of Dale, 159 Misc. 578; Matter of Egger, 188 Misc. 542.) This is still true although the facts need not necessarily be a part of the moving party’s case. (Marie Dorros, Inc. v. Dorros Bros, 274 App. Div. 11.) Although the Dorros case removed burden of proof as the controlling test, materiality remains as a statutory condition to the allowance of the examination.
The issue in this probate proceeding is whether the propounded document was the product of acts constituting fraud and undue influence or whether it is the product of testator’s own volition (Matter of Dale, sufra, p. 580).
*914 Fraud and undue influence exercised on the brother of deceased is not fraud and undue influence exercised over deceased. That it might show a scheme or plan, the motive or intention of ultimately acquiring the whole of the estate of deceased does not make it relevant. A will may be set aside for fraud and undue influence even if the one who exercised the fraud and undue influence is not the immediate beneficiary of the wrongful conduct. Thus contestant can show in the Thomas F. Adams contest that the legacy to William Adams was fraudulently induced by the proponent. It is immaterial to the issue of fraud exercised over Thomas that she used the dying William Adams as a means of ultimately gaining the greater part of Thomas F. Adams’ estate. If such fraud was exercised over William Adams this must be established in the pending contest over that will.
The motion for a further examination of proponent is denied.
Submit order.