S. Samuel Di Falco, S. In this contested probate proceeding a motion has been made for the examination of hospital records which relate to decedent’s hospitalization at the Bloomingdale Division of New York Hospital during the period of July and August, 1954. In such proceedings this court has long favored and granted broad examinations. (Matter of Putnam, 257 N. Y. 140; Matter of Reynolds, 166 Misc. 446, 447; Matter of Young, 268 App. Div. 883.)
In the case at bar objection has been raised to such examination on the ground that the hospital whose records are sought to be examined is not a party to the proceeding and that the records in question are not under the control of the proponent. It is well known that the rules and regulations of hospitals and similar institutions do not permit the examination of records such as these without authorization by the decedent’s wife. It is the opinion of this court, therefore, that for the purposes of this proceeding the records sought to be examined are “ under the control ” of the proponent within the contemplation of section 324 of the Civil Practice Act and rule 140 of the Rules of Civil Practice. (Matter of Rubin, 161 Misc. 374.) The court, therefore, directs the proponent to execute an authorization which wiU permit the contestants herein to inspect the hospital records. The examination of such records, however, is to proceed within the limits prescribed by section 354 of the Civil Practice Act. (Matter of Ackerman, 163 Misc. 624.)
Submit order accordingly.