■ SYLVIA E. MOOK, Respondent, v. DAVID MOOK, Appellant. DAVID MOOK, Appellant, v. SYLVIA E. MOOK, Respondent, et al., Defendant.

APPEALS (1) from an order of the Supreme Court at Special Term, entered November 1, 1960, which granted a motion by respondent for an order directing that a sum of money be awarded as a counsel fee, (2) from an order of said court, entered November 18, 1960, which denied a motion by appellant for an order to resettle the above order, and (3) from an order of said court,

entered November 9, 1960, which denied a motion by appellant for an order to examine respondent before trial with respect to certain matters.

*Per Curiam.* These are consolidated appeals in two related actions. For convenience they will be discussed and treated together. In the first action the wife sues for separation on the ground of abandonment and nonsupport. A motion by plaintiff for alimony *pendente lite* was denied because there was no showing of reasonable probability of success. In this same action the defendant husband counterclaimed for annulment on the ground of fraudulent misrepresentation. The court awarded plaintiff a counsel fee to defend against the counterclaim for annulment. This order was dated October 31, 1960 and entered November 1, 1960, and defendant husband appeals therefrom. This is designated Appeal No. 1.

Thereafter defendant husband moved to resettle the above order so as to recite that certain papers were read and considered in the determination of the motion. By order dated November 17, 1960, and entered November 18, 1960, this motion was denied and defendant husband appeals therefrom. This is designated Appeal No. 2. This order should be affirmed. There was no need to specifically recite every paper which had been incorporated in the affidavits. It was sufficient to recite the affidavits actually submitted. The entire record is presently before this court.

On the same day that the wife began her action for separation the husband instituted an action for annulment based on alleged fraudulent misrepresentations. In this second action the husband, as plaintiff, moved to examine defendant wife before trial with respect to item 1 (a) certain representations alleged to have been made that she was a chaste and virtuous woman and " in love with plaintiff, as alleged in Paragraph ' Fifth' of plaintiff's amended complaint"; item 1 (b) with respect to an alleged relationship between defendant and a third party prior to and after the marriage, certain results which allegedly flowed therefrom and the circumstances which led defendant wife into marriage with the plaintiff.

In item 2 plaintiff in the second action sought to examine the third party on open commission, since he is a nonresident who cannot be served within the jurisdiction and whose testimony, plaintiff alleges, is material and necessary. Special Term, by order dated November 7, 1960, entered November 9, 1960, granted item 1 (a) but denied items 1 (b) and 2. Plaintiff husband in that action appeals from such order insofar as it denied items 1 (b) and 2. This appeal is designated and will be referred to as Appeal No. 3. A motion by defendant wife for counsel fee to defend this action was denied as repetitious. It should be noted that the third party, a nonresident of New York, though named as a defendant in this action, has never been served.

The parties were married February 7, 1960, in Connecticut and resided thereafter in New York until on or about May 8, 1960 when they separated. There are no children, issue of the marriage. Both actions were begun May 18, 1960, and issue was joined June 6, 1960, in the separation action, and June 7, 1960 in the action for annulment.

The order appealed from in Appeal No. 1 should be modified to reduce the award to plaintiff for counsel fee to $500. The award of $1,000 is excessive and not warranted by the record.

The order appealed from in Appeal No. 2 should be affirmed.

Turning now to Appeal No. 3, and more particularly item 1 (b). It has been held that as a matter of policy an unlimited and general examination will not be allowed in matrimonial actions. (*Tausik* v. *Tausik*, 280 App. Div. 887.) And, as a general rule, in matrimonial actions examination of an opposing spouse before trial will not be allowed unless special circumstances are shown

to exist, and then such examinations are permitted only as to particular issues. (*Wightman* v. *Wightman,* 7 A D 2d 859; *Hurwitz* v. *Hurwitz,* 3 A D 2d 744.) This rule limiting examinations before trial in matrimonial actions is not so strictly applied in actions to annul a marriage. (*Wolin* v. *Wolin,* 266 App. Div. 742; *McCanliss* v. *McCanliss,* 224 App. Div. 668 (Case No. 2); *Galligano* v. *Galligano,* 245 App. Div. 743; *Sefranka* v. *Sefranka,* 190 Misc. 541; Tripp, Guide to Motion Practice, p. 166.) Even in such actions, however, the party seeking the examination will be obliged to establish special circumstances in order to obtain the examination. (New York County, Supreme Ct. Rules, Trial Term, rule XI, subd. 7; *Garfinkel* v. *Garfinkel,* 2 A D 2d 965 [1st Dept.]; *Argondizza* v. *Argondizza,* 284 App. Div. 976.) Where examination is permitted it should be sought and conducted under the provisions of the Civil Practice Act. (Cf. *Borchard* v. *Borchard,* 5 A D 2d 472, 475; Civ. Prac. Act, § 288 *et seq.*)

While the term "special circumstances" appears in the New York County Supreme Court Trial Term Rules (rule XI, subd. 7) and in the language of section 288 of the Civil Practice Act, as well as in many decisions, examination of the cases reveals that there is no definitive and absolute rule, no fixed yardstick used to determine what are "special circumstances." "Necessarily it [what are special circumstances] must be left to a wise judicial discretion, under the circumstances presented in a particular case, as to whether granting or refusing the examination will promote the presentation of facts in aid of justice and in the orderly progress of a trial." (*Bartlett* v. *Sanford,* 244 App. Div. 722–723.) Each case should be decided upon the facts and circumstances peculiar to it.

The record demonstrates, in light of the seriousness of the charges, the bare general denial, the conditions enumerated, and the difficulty of obtaining essential information, that there are .sufficient special circumstances to warrant a more extended examination of the defendant. The plaintiff has the burden of proof and it appears that the third party though named as a defendant, has not been served, that the facts, whatever they may be, are peculiarly within the knowledge of the defendant wife, but their ascertainment is essential to plaintiff's case. Accordingly, item 1 (b) should be granted only to the extent that it seeks to examine defendant as to the nature of her relationship with the third party whether or not the relationship existed prior to, at the time of, and subsequent to her marriage with plaintiff, and the actual physical condition of plaintiff at the time of the marriage.

From the nature of this action it is likely that the third party, a nonresident, will not be available to plaintiff as a witness at the trial, or that, if available, he will be a hostile witness, reluctant to testify on facts relevant to the plaintiff's cause of action. Hostility has been held a special circumstance. (*Sweet* v. *Sweet,* 266 App. Div. 1010; *Fahey* v. *South Nassau Communities Hosp.,* 275 App. Div. 1056; *Manufacturers Trust Co.* v. *American Nat. Fire Ins. Co.,* 232 App. Div. 536.)

The fact that such third party has been named as a defendant, since he has not been served, will not preclude his examination as a witness (cf. *Erdenbrecher* v. *Erdenbrecher,* 188 Misc. 94; *Tafall* v. *Tafall,* 264 App. Div. 542). Plaintiff should be permitted to examine such third party on matters material and necessary to plaintiff's cause of action.

Accordingly, as to the various appeals, Appeal No. 2 should be affirmed, Appeal No. 1 should be modified to the extent of reducing the award to $500 and otherwise affirmed, and Appeal No. 3 should be modified to the extent of granting examination as to item 1 (b) as heretofore indicated and allowing item 2 on interrogatories or open commission as plaintiff may elect. In the

event plaintiff elects to examine on open commission, plaintiff should pay a reasonable counsel fee to be provided for in the order. As so modified, Appeal No. 3 should be affirmed, without costs to either party as to any of said appeals.

Valente, J. P., McNally, Stevens, Eager and Steuer, JJ., concur.

Order, entered on November 1, 1960, awarding plaintiff a counsel fee in the sum of $1,000, unanimously modified to the extent of reducing the counsel fee awarded to the sum of $500 and, as so modified, the order is affirmed, without costs.

Order, entered on November 18, 1960, denying defendant's motion to resettle the order, entered on November 1, 1960, unanimously affirmed, without costs.

Order, entered on November 9, 1960, insofar as it denies leave to the plaintiff to examine the defendant Sylvia Erma Mook with respect to the matters set forth in item 1 (b) of the notice of motion and denies leave to the plaintiff to take the oral testimony of defendant, William Ronnick on an open commission, unanimously modified to the extent of granting examination as to item 1 (b) and allowing item 2 on interrogatories or open commission as plaintiff may elect. In the event plaintiff elects to examine on open commission, plaintiff should pay a reasonable counsel fee to be provided for in the order. As so modified, the order is affirmed, without costs. Settle order on notice.