■ In the Matter of the Estate of SAUL SCHNEIER, Deceased. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: In this probate proceeding appellants contend only that the testator lacked testamentary capacity. Their motion to examine the nominated executor of the will, Merchants National Bank and Trust Company of Syracuse (Merchants), and for the production by Merchants at such examination of all papers of any nature in its possession in any capacity was far too broad (3A Weinstein-Korn-Miller, NY Civ Prac, par 3120.17), and the Surrogate properly limited the examination "to documents or papers pertaining to investment or banking records of the decedent whether in his individual, fiduciary or any other capacity" and "any and all income tax records of the decedent" and properly restricted the examination to a six-year period prior to the date of the alleged will. Disclosure proceedings in Surrogates' Courts are governed by article 31 of the CPLR (CPLR 408). The test for disclosure is materiality, that is, relevancy and usefulness *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406–407; *Rufer v New York State Teachers Assn.,* 42 AD2d 1040; *Savitsky v General Motors Corp.,* 40 AD2d 1025). The Surrogate's order adequately designated the documents which the contestants may reasonably need upon the issue of testamentary capacity. In the absence of a special showing, three years is the usual period for examination of the testator's capacity prior to the execution of the alleged will *(Matter of Eschen,* 17 Misc 2d 281; *Matter of Egger,* 188 Misc 542; *Matter of Frank,* 165 Misc 411), and appellants have no legitimate complaint concerning the order in which the Surrogate granted them a six-year period for their examination. (Appeal from order of Onondaga County Surrogate's Court limiting examination before trial.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.

■ In the Matter of the Estate of SAUL SCHNEIER, Deceased. (Appeal No. 2.)—Order unanimously affirmed, without costs. Same memorandum as in *Matter of Schneier* (50 AD2d 715). (Appeal from order of Onondaga County Surrogate's Court, broadening examination before trial.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.