## SECOND DEPARTMENT, MAY, 1933.

ROBERT S. NIXON, Respondent, Appellant, v. BEACON TRANSPORTATION CORPORATION, Appellant, Impleaded with GILBERT WILSON, Respondent.

AGNES NIXON, Respondent, Appellant, v. BEACON TRANSPORTATION CORPORATION, Appellant, Impleaded with GILBERT WILSON, Respondent.

Judgment in each case against defendant Beacon Transportation Corporation reversed on the law and a new trial granted, costs to abide the event.   In our opinion the reading of the deposition of defendant Wilson as against the other defendant, appellant, resulted in the admission of incompetent evidence, constituting error.   The provisions of sections 288, 290, 303 and 304 of the Civil Practice Act relate to two entirely different subjects: *One.* The examination of a party where his deposition may be read on the trial against him as being an admission against interest, as though he had made the same admission in his pleading.   Such parts may be read as are deemed pertinent by the party taking the deposition, and he is not bound to read portions thereof unfavorable to him.   The party examined does not become a general witness on all the facts where there are other parties defendant.   *Two.* Witnesses who are not parties may be examined under certain prescribed conditions.   Their testimony is evidence on the facts in issue if otherwise competent, for or against either party.   Their depositions may be read on the trial only under the conditions specified in section 304.   The sections contemplate the appearance of witnesses in court for examination and cross-examination in the presence of court and jury unless there is some substantial reason which prevents such attendance.   As to his codefendant, defendant Wilson was a witness.   His admissions, whether made in a pleading or on examination, were not binding on defendant Beacon Transportation Corporation.   If plaintiffs desired to take the evidence of Wilson as a witness against his codefendant, the latter was entitled to plain notice to that effect.   The notice that plaintiffs were to take the deposition of Wilson as a party was not sufficient.   The statute does not contemplate the rule applied in this case.   It would open the door to collusion and fraud.   Judgments entered in favor of defendant Wilson reversed on the law and a new trial granted, costs to abide the event.   This defendant profited by the error above discussed.   By the admission of his deposition he was permitted to cast all blame upon his codefendant, and then withdraw from the case without testifying on the witness stand and without being subjected to cross-examination.   When he withdrew it prevented any evidence offered by the codefendant from affecting his liability.   The interests of justice require that he should testify on the new trial in the light of his personal liability.   Kapper, Hagarty and Davis, JJ., concur; Carswell, J., with whom Young, J., concurs, dissents and votes for affirmance, with opinion.

CARSWELL, J. (dissenting).   The plaintiffs Nixon, on May 12, 1932, were riding in the automobile of defendant Wilson.   At an intersection of two streets in Manhattan the Wilson automobile collided with a taxicab of defendant Beacon Transportation Company.   In an action against Wilson and the taxicab owner the plaintiffs prevailed against the taxicab owner, and Wilson prevailed against plaintiffs.   The plaintiffs and the taxicab owner both appeal.   The substantial question presented concerns a deposition of defendant Wilson.   The plaintiffs, on notice to the defendant taxicab owner, examined defendant Wilson before trial.   The taxicab owner did not appear at the examination.   Upon the trial the plaintiffs read in evidence the deposition of defendant Wilson without establishing that Wilson was not available for examination upon the trial.   The trial court ruled that the deposition was evidence against the taxicab owner.   This ruling is asserted

to be error. Its propriety is to be determined by a reading of sections 288, 290, 303 and 304 of the Civil Practice Act. These sections are in article 29. It is a complete practice system regulating " Testimony by Deposition," contemplating recourse to nothing outside of it, except the Civil Practice Rules. It is founded on an entirely new theory as compared with predecessor regulations and entirely supersedes them. (*Buehler* v. *Bush*, 200 App. Div. 206.) Section 288 provides that any party to an action may cause to be taken *without limitation* " his own testimony or that of *any other party* which is material and necessary in the prosecution or defense of the action." It likewise authorizes the taking of similar testimony of a *witness*, but, unlike the provision with respect to a party, it specifies limitations and circumstances under which the testimony of a witness may be taken by deposition. Section 290 provides that " a party * * * desiring to obtain testimony * * * by deposition shall give reasonable notice " to the adverse party. Its provisions are similar to those in section 292, where a party seeks testimony by deposition by court order. Similarly, it requires notice to be given to " other parties who have appeared or answered." Section 303 provides when a deposition may be read in evidence. It is a general provision that makes *no distinction* between the deposition of a witness and the deposition of a party. It provides that " testimony by deposition may be read in evidence, however, only against a party * * * duly served with notice of the taking of the testimony or a copy of an order therefor, * * * or against a party who has not appeared or answered." Section 304 imposes certain limitations upon the reading of a deposition in evidence pursuant to section 303. It makes a distinction between testimony by deposition of a party and the similar deposition of a witness. It provides that " a deposition taken *within the State*, except that of a party taken at the instance of an adverse party * * * *shall not* be read in evidence * * * *unless* it appears to the satisfaction of the court " that the deponent is dead, out of the State, sick, infirm, etc.; or " for any reason his attendance cannot be compelled by subpœna, with the exercise of reasonable diligence." It likewise provides that a deposition taken *without the State* (making no distinction between the deposition of a party and the deposition of a witness) may be read in evidence unless it has been suppressed by order upon grounds prescribed by the rules. Under the foregoing statutory provisions, the testimony of a party taken by deposition within the State upon notice to an adverse party may be read in evidence without proof of the availability of the deponent as a witness on the trial. It is only the testimony by deposition of a witness, as distinguished from a party, that has a limitation imposed upon its use at the trial, based upon the availability of the deponent. Metaphysical refinements should not unnecessarily be injected into the trial of a common issue of fact involving several defendants. Testimony on that issue obtained on notice to all defendants involved in common, with opportunity to cross-examine, should not be given a different effect as to each defendant. Such a course would bring the administration of law into merited scorn and ridicule. As a matter of power, the Legislature could have imposed the same limitation upon the use of the testimony by deposition of a *party* which it has imposed upon the use of the testimony by deposition of a *witness*. Likewise, it could have refrained from imposing any limitation upon the use of such a deposition of a witness, taken within the State on notice, and placed such a deposition on a parity with the deposition of a party. It has done neither. The whole subject-matter is within legislative competence.

It is not for the courts, by interpretation, to defeat the distinction made by the Legislature. To hold that no such distinction has been made would be to read into the statutes what the Legislature has purposely refrained from putting there, or to read out of them a distinction placed there by the Legislature. It would be a narrowing form of legislation by the judiciary under the guise of interpretation. The wisdom or the unwisdom of the distinction which the Legislature has made is not a concern of the courts. It may well be that the testimony by deposition of a party as a witness should not be made available under certain circumstances, on the same liberal basis as is the testimony by deposition of a party taken on notice. But that is for the Legislature. It may well be that the testimony of a party should not be available with any greater degree of liberality than is the testimony of a witness. But, likewise, that is for the Legislature. It has spoken and distinguished between the two classes of depositions. It has in both instances provided an adequate safeguard to adverse parties by requiring that the deposition of either a party or a witness be taken only on notice to the adverse parties. When the taxicab owner herein failed to attend the examination and cross-examine if it desired, it did so at its peril. Its default, as would one upon a trial, indicated that it had no objection to the testimony so far as it had relevancy.. The fact that the individual to be examined was a codefendant put the taxicab owner on notice that he would in all likelihood testify to facts which would tend to exculpate himself so far as was possible, and, therefore, to that extent implicate the taxicab owner. The statutory distinction between the use of a deposition of a witness and the deposition of a party (the former as being limited and the latter not) has been recognized. (*National Fire Insurance Co.* v. *Shearman*, 223 App. Div. 127, 128; *Redfield* v. *National Petroleum Corporation*, 211 id. 152, 154.) The taxicab owner asserts that as to it the codefendant Wilson was a witness and did not have the status of a party, and hence Wilson's deposition could only be used against it upon proof on the trial that it was needful with respect to persons who were examined as witnesses and not as parties to an action. As indicated, to sustain this contention necessitates reading into the statute something that is not there. Such a construction makes examinations before trial less liberal than the plain language of the statutes imports. The statutes have by all inclusive terms excluded such an illiberal view. The whole tendency of modern provisions respecting examinations before trial is toward greater liberality, and not toward less liberality, in the taking and in the use of such depositions. The unambiguous language of the statutes imposes no such limitation upon the use of the deposition of Wilson, taken as a party, as is sought to be imposed thereon by the defendant taxicab owner. Accordingly, the trial court's ruling was correct. The challenge to the court's ruling with respect to allowing the codefendant Wilson to withdraw at the close of plaintiffs' case has no validity. (*Thomas* v. *Nassau Electric R. R. Co.*, 185 App. Div. 326; *Lindemann* v. *Wolf*, 234 id. 291.) The judgment should be affirmed, with costs. Young, J., concurs.