MARY LUKACS et al., Plaintiffs, *v.* SILBACH REALTY Co., INC., et al., Defendants.

Supreme Court, Special Term, Kings County, May 21, 1951.

*Irving Segal* for Silbach Realty Co., Inc., defendant.

*Herman Glaser* for plaintiffs.

BARTELS, J.  In an action for personal injuries and loss of services defendant, Silbach Realty Co., Inc., moves for an order modifying the notice of examination before trial of itself and the notice of examination before trial of the defendant Appliance Operating Corporation.  With respect to the examination of the defendant Silbach Realty Co., this defendant consents to be examined under items 1, 2, 3 and 4.  Item 5 is allowed.  Item 6 is allowed after modification by adding the words " relevant and material " before the word " facts ".  Item 7 is allowed after modification by adding the word " appeared " before the word " injured ".  Items 11, 12 and 13 are allowed in order to enable the plaintiffs to establish the issue of negligence and control.  Items 8, 9 and 10 seek to examine with respect to an affirmative defense which has been interposed by the defendant Silbach Realty Co., who alleges that at the time in question the plaintiff's employment was covered by workmen's compensation.  These items seek information as to the asserted compensation coverage with respect to which the defendant will have the burden of proof.  The basis upon which the plaintiffs predicate their demand for the examination in this respect is that the right to the examination should not be denied simply because the burden of establishing the coverage under the Workmen's Compensation Act rests upon the defendant.  In support thereof they cite *Dorros, Inc.,* v. *Dorros Bros.* (274 App. Div. 11).  That case holds that the right to an examination is not limited necessarily to the party upon whom the burden rests where the controversy is a commercial one.  Recently in the case of *Parker* v. *Culler Furniture Co.* (278 App. Div. 135) the Appellate Division of the first department repeated its ruling relating to the burden of proof with respect to examinations in commercial cases.  No authority has been cited extending this principle to negligence cases.  Consequently plaintiffs will be denied an examination under items 8, 9 and 10.  (See *Matter of Kahn,* 274 App. Div. 900, and *McDougall* v. *News Syndicate Co.,* 275 App. Div. 1052.)

With respect to the last portion of the motion, the plaintiffs in their notice are apparently seeking to examine both defendants not only as adverse parties but also as witnesses against each other.  While it is now settled that a plaintiff may obtain an examination before trial of a defendant as a witness against a codefendant (*Nixon* v. *Beacon Transp. Corp.,* 239 App. Div.

830; *Parello* v. *Remuzzi,* 80 N. Y. S. 2d 600), there must be a compliance with section 288 of the Civil Practice Act which relates to the taking of the deposition of a witness. None of the instances provided by that section has been shown either by the notice of examination before trial or the reply affidavit submitted by the plaintiffs. Moreover, a corporation may not be examined before trial as a witness. If the plaintiffs desire to examine the defendants' officers and agents individually as witnesses and believe they have the special circumstances required for such an examination, they may move for such relief. The defendants may be examined as adverse parties only. Accordingly the last paragraph of plaintiffs' notice to the effect that the evidence adduced will be used against the codefendant Appliance Operating Corporation will be stricken therefrom. The examination will be allowed against the defendant Appliance Operating Corporation as an adverse party as to all items.

Let the defendants produce books, memoranda and documents in accordance with section 296 of the Civil Practice Act.