JOSEPH L. WALKER, Plaintiff, *v.* CARL BRINER et al., Defendants.

CARL BRINER, Third-Party Plaintiff, *v.* HAKES & LE BOURVEAU, INC., et al., Third-Party Defendants.

MARION WALKER, Plaintiff, *v.* CARL BRINER et al., Defendants.

CARL BRINER, Third-Party Plaintiff, *v.* HAKES & LE BOURVEAU, INC., et al., Third-Party Defendants.

CARL BRINER et al., Plaintiffs, *v.* HAKES & LE BOURVEAU, INC., et al., Defendants.

Supreme Court, Special Term, Albany County, July 9, 1952.

1116

*William J. Schoonmaker* for Carl Briner and another, plaintiffs.

*William E. J. Connor* for Joseph L. Walker and another, plaintiffs.

*R. Monell Herzberg* and *R. Waldron Herzberg* for Nash-Kelvinator Corporation, defendant.

*Nathan M. Medwin,* for Carl Briner, defendant and third-party plaintiff.

*Carter & Conboy* for Hakes & Le Bourveau, Inc., defendant.

HAMM, J. This is a motion by Carl Briner and Hazel Briner above mentioned to vacate a notice of proposed examination before trial served by the defendant Nash-Kelvinator Corporation. Joseph L. Walker and Marion Walker mentioned above, the taking of whose testimony also is included in the notice of proposed examination, do not object to the examination. Joseph L. Walker and Marion Walker reside in Columbia County. Carl Briner and Hazel Briner reside in Albany County. Columbia County improperly is designated as the place of examination of Carl Briner and Hazel Briner. (Civ. Prac. Act, § 300.) But the moving parties have agreed that the examination, if allowed, will be held in Albany County and that the motion may be considered on the merits.

An examination of Carl Briner and Hazel Briner by Hakes & Le Bourveau, Inc., was held in March of this year. The defendant Nash-Kelvinator Corporation received notice of the examination but did not inquire of Carl Briner and Hazel Briner.

It is charged generally that the automobile occupied by Carl Briner and Hazel Briner and operated by Carl Briner was equipped with defective mechanism.

The following excerpt is from the March examination of Carl Briner by Hakes & Le Bourveau, Inc.:

" You bought this car when, Mr. Briner?

" Mr. Olson: Don't answer that.

" Mr. Carter: That's a proper question, isn't it, Carl?

" Mr. Olson: Your Notice of Examination says, ' All the facts and circumstances in connection with this accident.' Mr. Carter: If you want to do that, it's okay.

" Mr. Olson: If you want to serve a Notice of Examination on certain matters, I think we ought to be put on notice what it will be; this is not the ordinary run-of-the-mill case.

" Mr. Carter: I understand.

" Q. How long had you driven that car before this accident, Mr. Briner?

" Mr. Olson: Don't answer that.

" (Discussion off the record).

" Mr. Carter: I think that's all."

In view of the limited nature of the examination by Hakes & Le Bourveau, Inc., and counsel's contention that the approximate phraseology of *Myers* v. *New York Central R. R. Co.* (277 App. Div. 745) failed to give adequate notice of the scope of the examination, the information and the testimony for the trial here sought by the defendant Nash-Kelvinator Corpora-

tion are material, necessary and hitherto unfurnished. It was not harassment for the defendant Nash-Kelvinator Corporation to decline to cross-examine in an examination in which the plaintiffs were not permitted to answer questions relating to the subject in which the particular interest of the defendant Nash-Kelvinator Corporation lies. As the notice of examination of Hakes & Le Bourveau, Inc., whether properly or improperly, was in fact treated as insufficient to include within its scope defective mechanism or manufacture, it was proper for counsel for Nash-Kelvinator Corporation to abstain from futile participation and to serve a specific and more informative notice of examination.

Although not essential to this decision, attention is indicated to the effect of the omission of Nash-Kelvinator Corporation to have participated in the March examination. The examination of a party on behalf of another party, on notice to a third party to the action, does not require the third party to appear and participate in the examination, although the third party may do so. When the codefendant here chose to abstain from inquiry, the deposition taken was not binding on it. (*Nixon* v. *Beacon Transp. Corp.*, 239 App. Div. 830; *Freisinger* v. *Reibach*, 254 App. Div. 575.)

Rule 121-a of the Rules of Civil Practice, effective July 1, 1952, and applicable to all pending proceedings and actions, provides: "In an action to recover damages for personal injuries or brought pursuant to section 130 of the Decedent Estate Law, or to recover damages for an injury to property brought in connection therewith, it shall be sufficient if, as to matters upon which a person is to be examined, the notice shall state ' all of the relevant facts and circumstances in connection with the accident, including negligence, contributory negligence, liability or damages.' "

This rule is, in general effect, a codification of the decision in *Myers* v. *New York Central R. R. Co.* (*supra*) and the statement in *Bailey* v. *Bush* (279 App. Div. 833, 834): " we do not decide that a plaintiff may not be examined as to injuries ".

In view, however, of the position of plaintiffs' counsel that " all of the relevant facts and circumstances in connection with the accident " do not include the items here sought to be made the subject of inquiry, the phrasing of the proposed examination will, in the interest of clarity and avoidance of disputation, remain undisturbed.

The plaintiff occupants of the automobile are not required to give expert testimony but only their lay observations, their

knowledge, if any, of the mechanism of the automobile they occupied and their factual knowledge of the manner in which the automobile performed.

Nothing in this memorandum shall be construed as requiring Joseph L. Walker and Marion Walker to attend for examination in any county other than the county of their residence.

The motion is denied and the examination of Carl Briner and Hazel Briner will be held in Albany County.

If the parties are unable to agree as to the time when, place where and the person before whom the examination may be held, the order may be settled on notice.