J. Irwin Shapiro, J.
Motion by the defendants, physicians, both of whom are represented by the same attorneys, ‘ ‘ for an order modifying the Notice of Examination Before Trial of the defendants KAPLAN and WARSHAW and striking therefrom that part of the Notice which seeks to examine the defendants ‘ not only as adverse parties before trial but also as witnesses against each other and that right of cross-examination will be extended to each defendant. ’ ”
The action is grounded in malpractice. The defendant Kaplan, it is alleged, caused plaintiff wife to be admitted to the hospital; that at his direction and/or at the direction of the defendant Warshaw a surgical procedure was performed on said plaintiff by defendant Warshaw; that the latter was never authorized by plaintiff to perform said operation; that the operation was unnecessary, and that if proper and sufficient examination had been made of the plaintiff, and had proper tests and other diagnostic means been used, the defendants would have known that no surgical incision of the plaintiff’s abdomen was indicated, proper or necessary.
The plaintiff was under general anesthesia during the operation.
In support of their motion defendants cite Lukacs v. Silbach Realty Co. (200 Misc. 192). That case is not in point. It dealt with the examination before trial of a corporate defendant *545 by its officers and not with examinations of individual defendants. Insofar as it discussed the question at bar, it is in plaintiff’s favor, for it said (pp. 193-194): “ With respect to the last portion of the motion, the plaintiffs in their notice are apparently seeking to examine both defendants not only as adverse parties but also as witnesses against each other. * # * it is now settled that a plaintiff may obtain an examination before trial of a defendant as a witness against a codefendant (Nixon v. Beacon Transp. Corp., 239 App. Div. 830; Parello v. Remuzzi, 80 N. Y. S. 2d 600)
So far as the allegations of the complaint are concerned, and it is upon those allegations that plaintiffs seek an examination before trial, it is apparent that the examination of defendants in their dual capacities as adverse parties and as witnesses is warranted. It is alleged that both defendants actively participated in the events upon which the complaint is predicated, Neither defendant was a mere observer or innocent bystander, but each, by his acts and omissions, so it is alleged, caused or contributed to the injuries for which plaintiffs seek relief.
The court holds (1) that in any event codefendants, upon proper notice — and such was given in the case at bar- — may be examined as both adverse parties and as witnesses against each other under section 288 of the Civil Practice Act et seq. (Nixon v. Beacon Transp. Corp., 239 App. Div. 830; Crellin v. Van Duzer, 267 App. Div. 744; Peyton v. Coulson, 190 Misc. 754; Parello v. Remuzzi, 80 N. Y. S. 2d 600) and (2) that even if special circumstances were required to be shown for the examination of the defendants as witnesses, such special circumstances exist here in clear abundance.
The law is so well epitomized, so cogently stated and so applicable to the facts in the case at bar in Parello v. Remuzzi (supra) that the quotation therefrom makes clear the reason for this court’s holding (pp. 602-603):
‘ ‘ The modus now attempted is not different from the proceedings at the trial. Then plaintiff could call both defendants as her witnesses and each would be submitted to the cross-examination of opposing counsel. Why then should the same procedure be withheld at this time? I know of no statutory or other reason for holding that a person may not be examined as an adverse party and at the same time as a witness against another party to the action. The defendants may not plead surprise, for they have been given clear unmistakable notice that their examination is being sought in a twofold capacity. * * * Apart from the foregoing, I am of the opinion that the papers disclose sufficient ‘ special circumstances ’ (Civil *546 Practice Act, § 288) rendering it proper that both defendants should be examined as witnesses. President and Directors of the Manhattan Company v. Rom, supra; LaBonte v. Long Island Railroad Co., 242 App. Div. 844, 275 N. Y. S. 109; Zirn v. Bradley, 257 App. Div. 832, 11 N. Y. S. 2d 986.”
The contention of the defendants’ counsel that by the procedure here adopted a broader examination would result than would ordinarily exist upon the examination of each defendant merely “ as an adverse party ” is an engagement in philosophical sophistry. The scope of the examination is not altered; the only difference is that the testimony thus adduced at the examination before trial is admissible not only against the witness who gives the testimony but also against his codefendant.
The motion is in all respects denied. Submit order setting a time and place for the examination of both defendants.