Frank A. Gulotta, J.
Plaintiff moves here to strike the answer of defendant Donley because of his refusal to answer relevant questions propounded to him on an examination before trial. The codefendant, County of Nassau, purports to join in plaintiff’s motion, because of the refusal of Donley to permit the county to cross-examine him, although it has made no motion or cross motion of its own, but since Donley has attempted to answer the codefendant’s arguments as well, the court will dispose of that aspect of the case also.
*165 Donley’s attorney erred in advising his client not to answer questions as to his drinking of intoxicating liquor prior to the accident, because it was, in his opinion, “ too remote Objections to the receipt of testimony upon an examination before trial, except as to form, are always reserved for the trial court. Aside from the fact that the parties had so stipulated, it is well settled by statute and decision (Civ. Prac. Act, § 305; Rules Civ. Prac., rule 129; Alvord & Alvord v. Joseph, 3 A D 2d 905).
Said attorney also advised his client not to answer the questions of the codefendant. He was on equally unsound ground there, although the question is perhaps not so well settled.
Buie 129-a of the Buies of Civil Practice, which covers the right of cross-examination in general, does not literally cover the question because on an adverse party examination it deals only with the right of cross-examination by the party’s own attorney. A codefendant, who has no cross complaint, does not fit into this category.
However, section 292 of the Civil Practice Act provides for moving for an examination upon notice to all parties “ who have appeared or answered ”. Section 303 of the Civil Practice Act provides that the deposition so taken may be read in evidence “ only against a party who * * # was duly served with notice of the taking of the testimony or a copy of an order therefor
It would seem to be elementary that a party who is to be bound by testimony must be given the right of cross-examination.
Whether the testimony has to meet the tests set forth in section 304, i.e., that the deponent is dead, out of the jurisdiction, etc., before it can be read against the codefendant, we need not now decide. It would seem that as to him, deponent is a witness and not an adverse party and, therefore, would have to meet the test. (Nixon v. Beacon Transp. Corp., 239 App. Div. 830, so held.) However, in Freisinger v. Beihach (254 App. Div. 575) it was decided that a defendant had a right to examine his codefendant on an examination before trial scheduled by the plaintiff and further that, while he was not required to appear and participate, if he elected to do so, he would be bound. Presumably this means bound in like manner as on a party examination, since on a proper showing he would be bound on a witness examination whether he elected to take part in it or not.
It is thus apparent that defendant Donley has not submitted to a proper examination before trial and the motion will be granted unless he does so at the Special Term Clerk’s office on October 16, 1961, at 10:00 a.m.