Jacob J. Schwartzwaia J.
In this consolidated personal injury action, the defendants, owner and operator of a taxicab, move for a protective order to vacate the notice of examination before trial by the infant plaintiff, a pedestrian, of the coplaintiffs, passengers in the taxicab at the time of the accident.
The infant plaintiff, alleging that while about to cross the street he was struck and knocked down by the defendants’ taxicab, brought an action in this court. A notice of trial and statement of readiness were filed. The passengers in the taxicab instituted an action in the Civil Court against the same defendants for injuries which they sustained in the accident, and they likewise filed a notice of trial and statement of readiness. Upon motion of the defendants, returnable December 3, 1968, the Civil Court action was consolidated with the action in this court. The infant plaintiff served a notice dated December 11, 1968 to take the deposition of the coplaintiffs as parties and witnesses. Thus the main question presented on this motion is whether in a consolidated personal injury action a plaintiff can examine the coplaintiffs before trial.
The defendants, in support of their motion, make the preliminary objection that the conduct of an examination before trial is barred because it was waived by the plaintiffs’ filing of a statement of readiness. The coplaintiffs take the same position. Ordinarily, the rule governing readiness certificates is strictly enforced (Price v. Brody, 7 A D 2d 204). “ However rigid adherence to technical rules of procedure may not be permitted to interfere with the interests of substantial justice ”. The court in the exercise of discretion has the power to prevent such a result (McGuire v. Pick, 8 A D 2d 800). The rule will be relaxed where there are special, unusual or extraordinary circumstances (Liberty Dressing Co. v. Foster Sportswear Co., 14 A D 2d 196, 197) or the interests of justice require it (McGuire v. Pick, supra). There mqst be a reasonable basis for the exercise of the court’s discretion (Farrell v. Reed, 16 A D 2d 709). Of course, where there has been delay, a satisfactory reason or explanation must be furnished (Norman v. Pyramid Cranes Co., 3 A D 2d 927). In this case the infant plaintiff states that at the time the statement of readiness was filed he was not aware of any action against the defendants by the coplaintiffs, and that the first knowledge of the same was acquired when the defendants moved to consolidate both actions. The plaintiff thereupon promptly served the notice of deposition. Additionally, the plaintiff is an infant who cannot speak for himself. He was very seriously injured. The report of the physical examination by the defendants’ doctor shows that the *946 infant sustained a severe brain injury, characterized by deceberate rigidity, absence of speech, virtual loss of all voluntary motions, lack of sphincter control, and ‘ ‘ in fact, his condition * * * is largely vegetative.” The infant is a ward of the court, and it is well settled that the court must at all times be concerned with the welfare and best interests of the infant. The circumstances here disclosed are a sufficient basis for the exercise of the court’s discretion in the interests of justice (.Looker v. Hennessey, 45 Mise 2d 260). Accordingly that part of the motion which requests a vacating of the notice of deposition by reason of the filing of the statement of readiness is denied.
In support of the motion, the defendants contend that coplaintiffs may not be examined before trial because they are not adverse parties, and the coplaintiffs assert that they are merely witnesses to the accident and no grounds are indicated to justify their examinations before trial. The question involved appears to be one of first impression and this is understandable. Ordinarily all plaintiffs in an action have a community of interest and are united in action and there is no necessity to examine each other before trial. The opposition of the coplaintiffs indicates that this is not so here.
The consolidation of two actions gives rise to a new action displacing the actions affected thereby (CPLR 602, subd. [b]; Pigott v. Field, 10 A D 2d 99; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 602.16). A defendant in a consolidated action is a codefendant of another defendant in that action (Vidal v. Sheffield Farms Co., 208 Misc. 438, 440). Likewise, a plaintiff in a consolidated action is a coplaintiff of another plaintiff in the action. There is only one group of plaintiffs and only one group of defendants.
The old code provisions (Code Civ. Pro., § 870) permitted examinations “ at the instance of an adverse party or by a coplaintiff or codefendant.” The Civil Practice Act (§ 288) omitted the reference to parties. This generated doubt as to the status of coparties in examinations before trial. The doubt was removed by the 1926 amendment which provided that examinations may be had by “any party” of “any other party,” the words “any other party” being substituted for “ adverse party.” The present CPLR 3101 provides that ‘ ‘ There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: (1) a party ”. The statute contains no express requirement of adverse parties.
*947 In 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., (par. 3101.23) the authors state: ‘ ‘ Like .section 288 of the Civil Practice Act and rule 121-a of the Buies of Civil Practice, CPLB 3101(a) does not deal explicitly with the question of whether a party may examine a co-party against whom he has no cross-claim. Co-parties should be subject to examination before trial in the same way as parties, who are more formally adverse. If a party believes there is sufficient possible adversity in his position to warrant examination of a co-party, his judgment should be respected by the court unless it is clear that the examination is only part of a harassing tactic. ’ ’
That there is sufficient possible adversity here is indicated by the opposition to the examinations before trial by the coplaintiffis. There appears to be hostility between the plaintiffs and not a community of interest. There is a difference in the positions of the plaintiff, a pedestrian, and the coplaintiffs, the passengers, with respect to the issue of contributory negligence. It is not the function of this court to question the judgment of the parties with respect to a realistic appraisal of their positions.
The court is concerned here primarily with ¡the right to disclosure rather than the use of the deposition upon the trial (CPLR 3117). The evidence must be material and necessary. These words were construed in the leading case of Allen v. Crowell-Collier Pub. Co. (21 N Y 2d 403, 406). “ Material and ■necessary,” which should be interpreted liberally, mean “ any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason.” (Emphasis supplied.) Judged by such standards, it requires no extended discussion for this court to -conclude that the evidence sought from the passengers in the taxicab at the time of the accident is material and necessary, bears on the controversy, will assist the plaintiff in the preparation of his case, and will sharpen the issues. There is nothing here to indicate that the information is not sought in good faith for possible use as evidence in chief or in rebuttal or cross-examination.
Judicial decisions so abound with expressions that there shall be liberalization of pretrial procedure to facilitate preparation and expedite the disposition of litigation that any restrictive view is regarded as retrogressive. So liberal are we to be that it may be said that disclosure ought now to be permitted unless prohibited by subdivisions (b) and (d) of CPLB 3101. Prior decisions as well point to the direction which ought to be followed. A plaintiff and third-party defendant are entitled to *948 mutual examinations before trial irrespective of whether there exists any issue, created by the pleadings, between them (Rizzo v. Steiner, 20 A D 2d 909). Codefendants may examine each other before trial even in the absence of a cross claim (Lombardo v. Pecora, 23 A D 2d 460) and as adverse parties and witnesses against each other (Mossa v. Kaplan, 19 Misc 2d 544; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.23). Where each plaintiff has sued in his or her own behalf, but all join together in one action, the defendant is entitled to examine each plaintiff, since the factual situation, particularly with respect to affirmative defenses, might not be the same with respect to all plaintiffs (Histon v. Hearn Dept. Stores, 8 A D 2d 801). Similarly, a plaintiff may examine all codefendants, provided their testimony is material and necessary (Harding Park Owners v. Young, 5 Misc 2d 10). This court now goes one step further and holds that in a consolidated action the plaintiff may examine coplaintiffs with respect to material and necessary matters, particularly where it appears that all the plaintiffs are possibly not united in interest, or potentially or actually hostile to each other, and where the factual situation might not be the same with respect to all plaintiffs. Accordingly the motion for a protective order is denied.