HARVEY & COMPANY, LIMITED, Plaintiff, *v.* GEORGE E. KEISER, Doing Business under the Firm Name and Style of GEORGE E. KEISER & COMPANY, Defendant.

Supreme Court, Trial Term, New York County, November 9, 1936.

*Stroock & Stroock* [*Morton L. Deitch* of counsel], for the plaintiff.

*Walter J. Vreeland* [*Thomas M. Healy* of counsel], for the defendant.

COTILLO, J. The plaintiff in this action is seeking to recover damages for the breach of an alleged contract for the purchase and sale of 12,500 bags of sugar. Both parties are engaged in the business of dealing in sugar, the plaintiff being located in Newfoundland and the defendant here in New York. The plaintiff claims that the sale was made to the Empire Trading Company, Ltd., of St. John's, Newfoundland, a sugar broker.

The controversy arose because of the failure on the part of the telegraph company to properly transmit a message from the defendant in New York to the Empire Trading Company in Newfoundland. On October 18, 1934, the defendant sent the following telegram to the Empire: " Offer firm reply here six o'clock our time today two thousand bags granulated bags only one forty CIF shipment October November first half December from Boston." Through

the mistake of the telegraph company the telegram, when received by the Empire Trading Company, read " one cent " instead of " one forty." The broker wired defendant, without repeating the price, that the plaintiff had ordered 12,500 bags and the defendant accepted this offer, but when the mistake in the price was discovered, refused to deliver the sugar.

The plaintiff is now seeking its damages, the difference between the price quoted in the defendant's telegram and the market price, which was one dollar and thirty-one cents. There is no dispute as to the error of the telegraph company in transmitting the defendant's message. There is likewise no dispute as to the plaintiff's offering to buy and the defendant's accepting this offer. The sole question involved is whether the defendant can be held in damages for a failure to fulfill the order of the plaintiff at the price of one cent, as quoted in the telegram received by its agent.

Defendant argues that the minds of the parties never met. A debatable question might arise under certain circumstances if we accepted the rule in *Western Union Telegraph Co.* v. *Cowin & Co.* (20 F. [2d] 103) that the telegraph company is not the agent of the sender, but a kind of independent contractor. But the circumstances under which the correctness of that rule might require discussion do not exist here. Defendant did not transmit the telegram directly to the plaintiff, but to his broker. When the latter made his proposition to the plaintiff it was as if defendant made the proposition personally. The fact that the broker received misinformation upon which he relied no more relieves defendant than would a mistake of one of the defendant's clerks in forwarding instructions to the broker. True, a distinction is made in the above-mentioned case between an agent of the defendant who might have made the mistake and a telegraph company which sent the wrong message. But even if such a distinction is accepted, the defendant must be held liable on the principle that if one of two innocent persons must suffer, he ought to suffer in preference whose conduct has misled the confidence of the other.

Judgment is directed for plaintiff in the sum of $3,875, with interest from October 22, 1934. Thirty days' stay and sixty days to make a case.