MURRAY OIL PRODUCTS COMPANY, INC., Plaintiff, *v.* POONS COMPANY, INC., Defendant and Third Party Plaintiff.

MACKAY RADIO AND TELEGRAPH COMPANY, INC., Third Party Defendant.

City Court of the City of New York, New York County, November 15, 1947.

*Copal Mintz* for plaintiff.

*Julian N. Goldman* for defendant and third party plaintiff.

*John F. Gibbons* for third party defendant.

McCULLEN, J. Plaintiff, as purchaser, entered into a written agreement, signed by the defendant on behalf of the seller, as the latter's subagent, for the purchase of 100 tons of linseed oil at $468 per ton from a Brazilian concern. It turned out that the cable message from the Brazilian concern to defendant authorizing it to enter into the contract with plaintiff for the linseed oil quoted the price as $486 per ton, but the third party defendant, Mackay Radio and Telegraph Company, Inc., had, through an error, transposed the figures in its New York office so that the message, when delivered to the defendant, read $468 per ton instead of $486.

This action was brought to recover from the defendant the sum of $1,800, representing the difference of $18 per ton for the 100 tons involved in the contract. The theory of the action is that of breach of warranty of authority. I think that the theory is sound. By signing a contract on behalf of the seller for the sale of the linseed oil to plaintiff at $468 per ton the defendant warranted that it was authorized to make the sale at that price. Such, however, was not the case, defendant's authority actually being limited to a sale at $486 per ton. Accordingly, the situation is within the rule of *Simmons* v. *More* (100 N. Y. 140), *Mickles* v. *Atlantic Brokerage Co., Inc.* (209 App. Div. 182) and numerous other authorities to the same effect.

It is contended for defendant that plaintiff suffered no damage because it could have held the seller to the price specified in the erroneous cable message. However, I do not agree with that contention. The telegraph or cable company was not the seller's agent but an independent contractor, and I do not feel that the seller was bound by the telegraph company's mistake. The law in New York is not settled and there is a conflict of opinion concerning this matter in other jurisdictions (see 1 Williston on Contracts [Rev. ed.], § 94). I think the better rule is that of the following cases: *Western Union Telegraph Co.* v. *Cowin & Co.* (20 F. 2d 103) and *Holtz* v. *Western Union Telegraph Co.* (294 Mass. 543). The only two cases in New York, dealing with such a situation, seem to be *Harvey & Co., Ltd.,* v. *Keiser* (160 Misc. 944), a decision in the Supreme Court by Mr. Justice COTILLO, and *Amerop Travel Bureau* v. *Postal Telegraph Cable Co.* (146 Misc. 591), a deci-

sion in the Municipal Court of the City of New York by Mr. Justice David C. Lewis. I am in agreement with the *Amerop* case (*supra*); if the *Harvey* case (*supra*) holds to the contrary, which is not entirely clear, I am not in accord with it.

The defendant suggests that there was a custom, binding on both parties, whereby the contract was made in reliance upon the cable and that since the defendant's mistake was due to an error in the cable it is not liable to plaintiff. Both parties, says the defendant, relied equally upon the cable which the defendant received from its principal in Brazil. There is, however, no satisfactory evidence of any such custom as that which defendant has tried to show. Nothing either in the dealings between the parties or any known custom ,proven or even adequately indicated in the affidavits, binds the plaintiff to the error in the cable. The cable was merely a communication between the defendant and its principal, and plaintiff has no responsibility for it. The defendant could easily, either by resorting to a repeat message or using another method of verification, have protected itself against the consequences of any error in transmission of the message, a means of protection not open to plaintiff, which had the right to rely upon the fact that defendant signed the contract of sale. I therefore do not see that the defendant has any defense.

The telegraph company has been impleaded by defendant as a third party defendant pursuant to section 193-a of the Civil Practice Act. No cross motion for judgment has been made against the third party defendant by the defendant as third party plaintiff, but in its brief the defendant asks for judgment over against the third party defendant. The latter has come into the case for the purpose of contesting the plaintiff's claim against the defendant as it had the right to do by virtue of the following provision of subdivision 2 of section 193-a of the Civil Practice Act: " * * * For the purpose of contesting plaintiff's claim against the third-party plaintiff, the third-party defendant shall have the rights of a party adverse to the plaintiff, including the right to appeal."

In the absence of a motion for summary judgment by the third party plaintiff against the third party defendant it would not seem that the former would be entitled to relief on this motion. However, the third party defendant has gone further in its brief than to merely contest the claim of the plaintiff against the defendant. It has shown that it has a partial defense to the third party claim against it, limitation of liability, and I think that by the position it has taken in its brief it

has submitted to this court the disposition of the third party claim against it.

It is clear that the third party defendant is liable to the defendant for the error which it concededly made, but its liability is limited to the sum of $500 in view of the fact that pursuant to the Communications Act of 1934 (U. S. Code, tit. 47, §§ 201, 203) it has filed with the Federal Communications Commission its public tariff schedules and related service classifications and regulations, under which it is not liable for any message accepted for transmission at the unrepeated message rate in any sum beyond $500. Had ·the repeated message rate been chosen, the third party defendant would have been liable up to the sum of $5,000 and messages could also have been sent at a specially valued message rate. The sender of this cable had a choice of rates but the consequence of the choice it made was to limit the third party defendant's liability to $500.

Accordingly the motion is disposed of as follows: Plaintiff may have judgment under rule 113 of the Rules of Civil Practice against defendant in the sum of $1,800, with interest from October 9, 1946. The third party plaintiff may have judgment against the third party defendant in the sum of $500.

Order signed.