ALICE E. FOOTE, an Infant, by ALICE D. FOOTE, Her Guardian ad Litem, et al., Plaintiffs, *v.* JOSEPH BISCEGLIA & SONS, INC., Defendant and Third Party Plaintiff, et al., Defendant. CHICAGO WINDOW CLEANING Co., INCORPORATED, Third Party Defendant.

Supreme Court, Special Term, Westchester County, May 27, 1948.

*Maxwell Berman* for plaintiffs.

*Joseph P. Smith* for Joseph Bisceglia & Sons, Inc., defendant and third party plaintiff.

*Howard H. Schrecke* for third party defendant.

FLANNERY, J.   Plaintiffs move to fix a further date to take the deposition of the defendants under an order heretofore made, and to take the depositions of (1) the Chicago Window Cleaning Co., Incorporated, a third party defendant, *as a witness*, and (2) The Crosson Company, apparently a corporation, *as a witness*.   The third party plaintiff asserts in its third party complaint that the Chicago Window Cleaning Co., Incorporated, was a subcontractor of The Crosson Company which was, in turn, a subcontractor of the third party plaintiff, all in the

performance of the particular work out of which, in part, plaintiffs assert their right of action arose.

The attorney for the third party defendant opposes the motion upon the ground that a corporation may not be examined as a witness and cites authority therefor. (*Chartered Bank of India* v. *North River Ins. Co.*, 136 App. Div. 646; *Weigand* v. *Schmitt*, 241 App. Div. 655). Plaintiffs' attorney in his affidavit concedes that this rule will apply to his motion to take the deposition of The Crosson Company as a witness and withdraws it but argues that the third party defendant has become a party to the action because a third party complaint has been served upon it and, therefore, it may be examined as a party although it is not a party at all in its own right but only a kind of subparty. He then asks that the court disregard in its discretion the omission to seek the deposition of the third party defendant as a party and require it to depose as a party, on the papers presented, about the items set forth in the notice of motion.

The court believes that the Chicago Window Cleaning Co., Incorporated, must be taken for what it is, a third party defendant, who may contest plaintiffs' claim against the third party plaintiff and has, for that purpose only, '' the rights of a party adverse to the plaintiff.'' Plaintiffs neither sued it at first, nor subsequently amended under subdivision 3 of section 193–a of the Civil Practice Act to assert against it any claim plaintiffs might have asserted against it if it had been originally joined as a defendant, and so have obtained no rights against it that they would have had against it as a defendant. There is no issue here between the plaintiffs and the third party defendant. On the pleadings the plaintiffs cannot take judgment against it. Its status in the action is literally that of a subparty against whom plaintiffs have made no claim and it is in a position analogous to, and, in fact, even stronger than, that of a defaulting defendant for not only does it not contest the allegations of the complaint but plaintiffs assert no claim against it. Its answer is an answer only to the third party complaint and not to the complaint. Defaulting codefendants cannot be examined (*Kozuch* v. *Bachmann*, 244 App. Div. 250; *Grennan* v. *Coles*, 230 App. Div. 728), and if plaintiffs wish to examine the third party defendant as a party to the action, they must make complaint against it as the law permits. Orderly procedure and the reasonable protection of the rights of the third party defendant require that, if plaintiffs wish to examine it as a party, they

should make it one. If they wish only to examine its president, Goldstein, individually as a witness, and think they have special circumstances to obtain his examination, they may move for that relief (*Zirn* v. *Bradley,* 257 App. Div. 832, 833; *Cataldo* v. *Long Island R. R. Co.,* 268 App. Div. 1054). Here, it is impracticable, on inverse application of the principle announced in *Crellin* v. *Van Duzer* (267 App. Div. 744) to require the deposition of Goldstein as a witness because no motion for that has been made at all, and the application for " further and different relief as to this Court may seem just and proper " should ·be used to support an order not specifically sought only when another course would necessarily work injustice.

In the circumstances, since plaintiffs indicate they do not wish to proceed with the deposition of the defendants heretofore granted until an examination of Goldstein may be had at the same time or approximately the same time, the motions will be, accordingly, denied, with permission to plaintiffs to move again as they may be advised.

Submit order on notice.