ALBERT REIZEN, Doing Business as INTER COUNTY PAINTING COMPANY, Respondent, v. MAX PARDES, Doing Business as CROWN PAINT & WALLPAPER COMPANY, Defendant.

MAX PARDES, Doing Business as CROWN PAINT & WALLPAPER COMPANY, Third-Party Plaintiff, v. ISADOR NUDELMAN, Doing Business as LIBERTY PAINT SUPPLY COMPANY, Third-Party Defendant.*

ISADOR NUDELMAN, Doing Business at LIBERTY PAINT SUPPLY COMPANY, Third-Party Plaintiff, v. UNITED STATES GYPSUM COMPANY, Third-Party Defendant, Appellant.*

Supreme Court, Appellate Term, Second Department, March 23, 1950.

*James Bruce* and *A. Hayne de Yampert* for appellant.

*Leon E. Borden* and *Hyman Stein* for respondent.

*Per Curiam.* The second third-party defendant having raised issues by its denial of the allegations of the main complaint, is, within the purview of section 288 of the Civil Practice Act to be deemed a '' party '' subject to examination before trial by plaintiff.

The order should be affirmed, with $10 costs.

STEINBRINK, RUBENSTEIN and COLDEN, JJ., concur.

Order affirmed, etc.