Murray T. Feiden, J.
The third-party defendant moves to examine plaintiff before trial. Plaintiff objects upon the ground that there is no issue raised between himself and the moving party.
Many cases which have permitted a third-party defendant to examine a plaintiff or a plaintiff to examine a third-party defendant have done so upon the theory that an issue had been created by the third party’s denial of plaintiff’s complaint (Anida Realty Corp. v. 6145 Realty Corp., 197 Misc. 157; Reizen v. Pardes, 197 Misc. 384; Vella v. Hinkle, N. Y. L. J., Sept. 19, 1957, p. 6, col. 3; Bizarro v. Zimkot, 283 App. Div. 816).
Likewise examinations have been denied because the third-party defendant’s answer created no issue between plaintiff and the third-party defendant (Gile v. Sears, Roebuck & Co., 110 N. Y. S. 2d 211; Salgo v. Amdor Structures, 133 N. Y. S. 2d 435 ; Foote v. Joseph Bisceglia & Sons, 192 Misc. 19).
Although such cases as Murray Oil P. Co. v. Poons (190 Misc. 110); Jacobs v. Driscoll (78 N. Y. S. 2d 813); Wischnie v. Dorsch (196 Misc. 679, 683); Rivkind v. Fried (13 Misc 2d 943) ; and Sorrentino v. City of New York (14 Misc 2d 78) recognize the status of a third-party defendant as a party in the entire case by reason of subdivision 2 of section 193-a of the Civil Practice Act the court has not found any cases which have permitted an examination before trial solely upon the basis of that section without an issue being created in the formal pleadings.
Section 193-a of the Civil Practice Act provides in part: “2. * * *■ Dor the purpose of contesting plaintiff’s claim against the third-party plaintiff, the third-party defendant shall have the rights of a party adverse to the plaintiff, including the right to appeal.” (Emphasis supplied.)
Section 288 of the Civil Practice Act provides in part as follows: 11 Any party to an action in a court of record may *514 cause to be taken by deposition, before trial, his own testimony or that of any other party which is material and necessary in the prosecution or defense of the action.” (Emphasis supplied.)
Under these sections of the Civil Practice Act there can be no valid reason for requiring that the granting of an examination before trial depend on an issue created by the pleadings. The third-party defendant is a party to the action for all purposes (Civ. Prac. Act, § 193-a, subd. 2) and is entitled to examine the plaintiff by reason of that status irrespective of the formal pleadings. A third-party defendant should not be at the mercy of the third-party plaintiff’s mere formal or inept defense to plaintiff’s claim (Sorrentino v. City of New York, supra). The court is in complete agreement with this view. In the final analysis it is the third-party defendant who may be required to satisfy plaintiff’s claim and who is usually the real defendant in the action. In most cases the only reason he is not a defendant in the action is because plaintiff has not chosen to make him a defendant. Accordingly, a third-party defendant should be afforded every opportunity to complete his defense to a plaintiff’s claim. In the instant case, although the third-party plaintiff as a defendant has conducted an examination before trial of the plaintiff, the third-party defendant claims that this examination is insufficient for the purposes of his defense. Motion granted.