Anthony J. Di Giovanna, J.
This is an appeal from a judgment dismissing the complaint at the close of the plaintiff’s case on the ground plaintiff had failed to make out a prima facie case. Third-party issues are not involved herein.
Cordello School in Central Islip was admittedly in the process of clearing a wooded area to the rear of its regular playground on the date when the infant plaintiff was injured, and for a week prior thereto. The debris was being burned by the third-party defendants. Some of the fires had apparently burned out. The plaintiff, while playing with others on or near felled logs in that area, fell into an apparently burnt out section and was injured when live cinders under the gray ashes fell into his boot and set it on fire.
The trial court appeared to be mainly concerned with whether the plaintiff was a trespasser or an invitee. The following facts favorable to the plaintiff and the fair inference to be drawn therefrom must be deemed to be true. In my opinion, sufficient was shown to warrant submission of the case to a jury irrespective of whether the plaintiff was an invitee or a trespasser.
The infant lived a half block from the Cordello School. No fence encircled any part of the school premises, the playground or the wooded area to the rear of the playground. While plaintiff did not attend this school, he played in the playground daily with others from the neighborhood, with the knowledge of the defendant. He was never admonished by anyone connected with the school not to go on the premises. There was no line of demarcation between the playground and the area being cleared except the visible difference in appearance. Nevertheless, during the entire week in which work was being performed many children played in the said area at and near the open fires.
There is a question of fact whether under these circumstances *240 the use of the playground and school grounds could be justified upon the theory of implied invitation by the defendant. In any event, even if the plaintiff be deemed a mere trespasser, a question of fact as to defendant’s negligence was presented. The trial court posed the basic question in the case in this language:
Let’s assume it happened on school property, negligence only arises from neglect of duty. What duty did the school owe the boy? ”
This case does not concern itself with adequacy of supervision but involves a consideration of the broader question whether the existence of apparently burnt out gray ashes over live embers in an area where children knowingly played,.be they trespassers or invitees, constitutes a danger in the nature of a trap. Whether the defendant under such circumstances should have foreseen that children ordinarily playing in the playground proper would venture into the area being cleared and might stumble and fall into the live embers under the burnt out ashes, presents a question of fact. Because the defendant knew that children continuously played in that area, a duty devolved upon it to take appropriate steps for their safety or to exclude them from the property entirely. While one may have a right, in a proper situation, to burn refuse or other material on his own property, he must not permit it to burn uncontrolled where he invites children or permits children or knows that uninvited children will come thereupon because it is foreseeable and should be anticipated that these fires may burn out on top and leave hot ashes underneath which would constitute a danger and a trap to those children. Whether such danger existed in this case, whether a duty devolved upon this defendant to take remedial steps, whether defendant failed to take remedial steps, whether defendant’s failure to do so was a proximate cause of the accident to the plaintiff and whether such failure constituted negligent acts or omissions on the part of the defendant, presented questions of fact for a jury.
In Eason v. State of New York (280 App. Div. 358), State employees deposited brush on an area 20 to 25 feet from a highway and started a fire. Plaintiff rode through the apparently burnt out area on his bicycle thinking that the fire was completely out because its upper crust showed no life; as a matter of fact smoldering ashes lay beneath the apparently innocuous upper crust. While sustaining the trial court’s decision that the plaintiff had failed to make out a prima facie case because he had failed to prove his own freedom from contributory negligence as a matter of fact and had failed to prove the defendant negligent as a matter of fact, the court said *241 (p. 359): “We might hesitate to say, if the facts had been found favorable to claimants, that there could be no recovery here as a matter of law. There are cases which seem to suggest that the creation of publicly accessible conditions dangerous to children and causing them injury could be found factually to be negligent and warrant recovery.”
In support of the foregoing, the court cited (pp. 359-360): “ Boylhart v. Di Marco & Reimann (270 N. Y. 217), where steel beams piled insecurely on a street fell when boys played on them; Long v. City of Dunkirk (260 N. Y. 599) where the truck carrying a container of hot asphalt was left on a street and a boy climbed on it and burned his hand when he thrust it through the hardened top crust into the hot asphalt beneath; Collentine v. City of New York (279 N. Y. 119), where a boy playing on a roof of a building in a park tripped over projecting iron rods left from a previous roof, fell fifteen feet into an areaway and was injured. Mysliwiec v. Lowenthal Co. (280 App. Div. 852), decided at this term, where a boy was injured playing on bales of waste material left on a public street follows the same general pattern. '* * * Even with facts undisputed or deemed as they are here to be most favorable to appellants, the power of evaluating them as constituting or not constituting negligence rests with the judge who tries the facts or the jury, as the case may be.” If a duty is owing to even a trespassing child where an inherently dangerous condition exists, certainly such a duty would be owing to an invited child.
In Runkel v. City of New York (282 App. Div. 173, 176), the court said: ‘ ‘ An abandoned open structure which is so rotted and dilapidated that it is in imminent danger of collapse may be said to constitute a trap or ‘ an inherently dangerous ’ instrumentality which is in the same class as an explosive substance, inflammable material, a live electric wire or a spring gun. Injury sustained by any person, even though he be a trespasser, due to such an inherently dangerous instrumentality, may be said to have been caused by the wanton or intentional or inhuman act of the one responsible for its existence or its removal and will cast him in liability provided: (a) that care ‘ commensurate with the risk involved ’ has not been taken to guard against the injury; and (b) that the accident was ‘ foreseeable ’— as it was here because of the structure’s proximity to the public highway.”
In Kingsland v. Erie County Agricultural Soc. (298 N. Y. 409, 423-424), the court ,said:
“Thus there was evidence from which the jmy could find that defendants had left harmless looking, but highly dangerous, bombs exposed and unguarded in a place of public amusement *242 where a large number of people including children were known to be present. Clearly, the triers of the facts could find that defendants should have foreseen the probable result that children would take those apparently discarded bombs and that they, their playmates or some other child who might come in contact with the bombs would explode them and would be injured thereby.
“ The fact that the boys may have been trespassers on the fairgrounds is immaterial, since there was sufficient evidence that the article which caused the injury was ‘ inherently dangerous ’. * * * The degree of care required is commensurate with the risk involved, depending upon such circumstances as the ‘ dangerous character of the material ’ and its accessibility to others, particularly children whose presence should have been anticipated, regardless of whether or not they are trespassers.”
In King v. Rotterdam Shopping Center (21 A D 2d 387, 389-390) in reversing a judgment dismissing a complaint and holding that questions of fact were presented, the court said:
“ The limited testimony of the infant plaintiff on the examination before trial is not sufficient to foreclose a factual issue regarding the happening of the accident, or to determine his status as a licensee or invitee.
“ Whether the defendant Rotterdam or the defendant Gordon, or both, constructed, owned, maintained or controlled the retaining wall is a question of fact.
‘ ‘ Whether the defendants had knowledge that children congregated and played on the retaining wall is a question of fact.
‘ ‘ Whether the defendants permitted children to congregate and play on the retaining wall is a question of fact.
‘ ‘ Whether the defendants failed to stop children from playing on the retaining wall is a question of fact.
‘ ‘ Whether the retaining wall as constructed was improper and as such constituted a dangerous condition, in that there appeared to be a substantial drop to Gordon’s property, is a question of fact.
‘1 Whether the retaining wall was improperly constructed in that it did not have a railing across its top is a question of fact.
‘1 Whether the defendants had knowledge of the said dangerous condition of the retaining wall is a question of fact.
‘ ‘ Whether the defendants failed to properly improve said dangerous condition is a question of fact.
' ‘ Whether the act of the infant plaintiff was contributory negligence must be determined, his age, intelligence, experience and the circumstances of the accident must be taken into consideration.” (See, also, Carradine v. City of New York, 13 N Y *243 2d 291; Brzostowski v. Coca-Cola Co., 16 A D 2d 196; Hetzel v. Buffalo Cemetery Assn., 16 A D 2d 581; Mayer v. Temple Props., 307 N. Y. 559, 565; Levine v. City of New York, 309 N. Y. 88, 92; Soto v. City of New York, 9 N Y 2d 683; French v. Central N. Y. Power Co., 275 App. Div. 238; seven-year-old boy came into contact with high voltage electric apparatus.)
In Morse v. Buffalo Tank Corp. (280 N. Y. 110), relied upon by the defendant in support of its contentions, the facts differed radically from those involved herein. However, while the court held therein that “ gasoline was not a dangerous substance ”, it is interesting to note that in Carradine v. City of New York (13 N Y 2d 291, supra) it was held that whether gasoline was dangerous was a question of fact for a jury. In Collentine v. City of New York (279 N. Y. 119, supra) the additional question of fact was held to be for a jury as to whether the defendant’s undertaking to notify persons was adequate under all the circumstances.
Clearly the issue of contributory negligence in this case is one for the jury to pass upon taking into consideration that the infant plaintiff was seven years of age at the time of the injury.
The trial court refused to permit the plaintiff to read into evidence depositions of third parties taken in the plaintiff’s counsel’s presence and in which he participated. While heretofore Nixon v. Beacon Transp. Corp. (239 App. Div. 830) seems to imply that such deposition would have to be treated as one of a witness rather than a party, in Rizzo v. Steiner (20 A D 2d 909) the court said: “ The third-party defendants became parties to the action with the right to examine the primary plaintiffs before trial, irrespective of whether there existed any issue, created by the pleadings between said plaintiffs and third-party defendants (Argento v. Beech & Bowne Bldg. Corp., 37 Misc 2d 513; former Civ. Prac. Act, § 193-a, subd. 2, now CPLR 1008). The primary plaintiffs and the third-party defendants are thus adverse parties; hence mutual examinations before trial should be permitted (Hollant v. North Shore Hosp., N. Y. L. J., April 22,1963, p. 17, col. 8; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., p. 31-37, par. 3101.24).” Since the plaintiff and third-party defendants are to be considered adverse parties for all purposes, it follows that the plaintiff has the right to read the deposition of such third party into evidence.
The judgment should be reversed and a new trial ordered, with $30 costs to plaintiff to abide the event.
Schwartzwald and Gulotta, JJ., concur.
Judgment reversed, etc.