OPINION OF THE COURT
Edward M. Horey, J.
The motion at bar is for a protective order. It is sought by the third-party defendant, Champion International Corporation, against the plaintiff, John Stotsky, under the authority of CPLR 3103.
Leading up to the motion was an attempt by the plaintiff to seek discovery and inspection of numerous documents alleged to be in the possession of the third-party defendant. Being unwilling to furnish the requested material, the third-party defendant brought the instant motion.
*373 The applicable statute is CPLR 3120. The provisions of that statute provide that discovery and inspection may proceed against a party by mere notice. Other provisions of the statute provide that against a nonparty the provisions of CPLR 3120 (b) govern and require a court order. (See also, Siegel, NY Prac § 362, at 453-455.)
It is undisputed that after the entry of the third-party defendant into the action, the plaintiff never asserted any claim against such third-party defendant by way of a cross action. Neither has the third party ever sought any relief against the plaintiff.
The first issue for determination is whether under the circumstances presented the third-party defendant may be considered a "party” within the meaning of CPLR 3120.
In the opinion of this court, the word "party” as used in CPLR 3120 must be considered as a word of art in legal parlance to mean a person by or against whom a legal suit has been brought, i.e., such person must be either a plaintiff or a defendant. Others who may be affected by the suit such as third-party defendants who have asserted no claim against the plaintiff nor have had a claim asserted by the plaintiff against them are merely interested persons but not parties. This court has found only one prior decision on the issue in New York. It is Foote v Bisceglia & Sons (192 Misc 19). While decided under provisions of the Civil Practice Act, it is in accord with the decision reached here. As to decisional law in other States it appears that the construction reached is consistent with that taken in Golatte v Mathews (394 F Supp 1203, 1207 [US Dist Ct, Ala]). Accordingly, the court holds that Champion International Corporation is not a "party” to the action within the meaning of CPLR 3120 but rather is a "nonparty” against whom discovery and inspection may proceed only by court order and not by mere notice.
Upon oral argument, the attorney for the third-party defendant confined his argument in support of the protective order to contentions that the discovery sought imposed unreasonable annoyance and expense. This court is not delimited to granting relief on such a limited basis. The statute provides that "[t]he court may at any time on its own initiative * * * make a protection order denying * * * the use of any disclosure device” (CPLR 3103 [a]).
Since the plaintiff has misconceived his rights for discovery and inspection by proceeding by notice instead of by court *374 order, the court will grant the protective order sought and deny plaintiff discovery and inspection at this time.
There is reserved to the plaintiff the right to subsequently proceed for discovery and inspection by seeking an order of this court as provided in CPLR 3120 (b) if the plaintiff deems such discovery necessary or desirable. There is also reserved to the third-party defendant the right to oppose the granting of such order on the statutory grounds of "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice” (CPLR 3103 [a]).